## CITY OF GAINESVILLE *v.* BROWN-CRUMMER INVESTMENT COMPANY ET AL.

No. 433. Argued April 13, 1928.—Decided May 14, 1928.

*Mr. W. O. Davis,* with whom *Mr. Cecil Murphy* was on the brief, for petitioner.

*Mr. Alex. F. Weisberg,* with whom *Messrs. James G. Martin* and *Rhodes S. Baker* were on the brief, for Brown-Crummer Investment Company.

*Mr. H. O. Head,* with whom *Messrs. F. C. Dillard* and *Rice Maxey* were on the brief, for H. O. Head, Executor.

*Mr. J. L. Parrish* was on the brief for Southern Surety Company.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This suit was begun by the City of Gainesville, Texas, in a state court of Texas against the Southern Construction Company, a partnership consisting of Harry D. Levy and Lester Levy, and against H. W. Head and the Southern Surety Company, all of whom were citizens of Texas, except the Surety Company, which was an Iowa corporation. The action grew out of a contract between the city and the Southern Construction Company for street improvements. The city issued city time warrants payable to bearer, to pay the contractor. The contract was partly executed and the improvements partly constructed. A second contract was then made by which some of the warrants were to be issued before the rest of the work was done and were to be placed in escrow to be delivered to the contracting company as the work should be completed and approved. The performance of the escrow conditions was guaranteed to the city by H. W. Head, and the Southern Surety Company of Iowa became his surety on this guaranty.

There is in the record a signed stipulation of the parties descriptive of the details of the proceedings, which in part is as follows:

" Default judgment in said cause was rendered by said court in favor of the plaintiff against all defendants for $15,000.00 and against the Southern Construction Company for $4,090, which judgment upon appeal by said Head and said Southern Surety Company was reversed by the Court of Civil Appeals for the Sixth Supreme Judicial District as to said Head and said Southern Surety Company, but was affirmed as to said Southern Construction Company. See *Head* v. *City of Gainesville*, 254 S. W. 323. Upon the remand of said cause to the District Court for Cooke County, H. O. Head, as executor,

made himself a party in lieu of H. W. Head, who had died in the meantime, and he and the Southern Surety Company filed an answer to the petition. Thereupon, the plaintiff amended its petition making Brown-Crummer Investment Company, a Kansas corporation, a party defendant, and said Brown-Crummer Investment Company within the time allowed by law filed its petition to remove said cause to this court [*i. e.* the United States District Court for the Eastern District of Texas] upon the ground of a separable controversy. After a transcript of the proceedings was filed in this court, a motion to remand made by the plaintiff was overruled. All parties having repleaded in this court with the exception of the Southern Construction Company, which did not appear, it is agreed that the transcript of the proceedings in the district court as well as all abandoned pleadings may be omitted by the clerk in making out the record for the circuit court of appeals, as immaterial."

The Brown-Crummer Company was made a party by the city on the ground that it had in its possession $15,000 of the city warrants which the city did not owe because the paving contract had not been completed. The city sought to have them delivered up to be cancelled to prevent their sale to a bona fide purchaser. The Company was a dealer in municipal securities at Wichita, Kansas, and claimed to be owner as bona fide purchaser of the warrants, and when made a party sought judgment on them in this case against the city. It is upon the validity of those warrants that the chief issue in the case turns.

Upon the removal of this cause from the state to the federal court, the defendant Head sought to avoid liability, on his guaranty to return $15,000 of warrants of the city, and that of his surety, the Southern Surety Company, by the contention that the warrants in question were illegally issued, void under state law and of no value. In all its petitions but the last, the city had alleged that

its warrants were valid. In its later pleading, however, it changed its attitude somewhat and pleaded in the alternative that if the court should hold the warrants void, they should as against the Brown-Crummer Company be so declared and asked that they be cancelled.

Both the issue between the city and the Brown-Crummer Company on the warrants and that between the city and Head and the Iowa surety company for breach of their guaranty were tried to a jury in the district court. The court directed a verdict on the warrants in favor of the Brown-Crummer Company and gave judgment against the city for $13,125 with interest. On the claim of the city under the guaranty against Head and the Surety Company, the court directed a verdict for the defendants and gave judgment of dismissal against the city.

The case was carried to the Circuit Court of Appeals of the Fifth Circuit. That court in its opinion dealt at some length with the questions whether the city warrants were valid under the state law and whether they were held by Brown-Crummer Company as a bona fide purchaser without notice of any infirmity in their origin. The Court of Appeals held the warrants legal and adjudged that the city was estopped as against the company to plead irregularities in their issue. The court therefore found no reversible error in the directed verdict in favor of the Brown-Crummer Investment Company. To that extent the judgment was affirmed.

The Court of Appeals dealt with the judgment in favor of the executor, Head, and the Surety Company against the city, which the city had sought to review and seeks to review here, by remanding it to the district court with instructions to dismiss the proceedings as between the parties.

Objection is first made by the petitioner that there was no separable controversy and so no jurisdiction. This question does not seem to have been presented to and was

certainly not considered by the Circuit Court of Appeals. By the stipulation made in the federal district court below, the transcript of the proceedings in the state district court from which the removal was had, as well as all abandoned pleadings, were omitted by the clerk in making out the record for the Circuit Court of Appeals as immaterial. The petition for removal from the state court to the federal court is not shown, nor is the motion to remand. There was repleading by all the parties after the motion to remand was overruled. The stipulation, therefore, would seem to constitute an acquiescence in the removal and indicates that the jurisdiction had been conceded by all parties, and that the question had been abandoned until it is now renewed in the briefs in this Court. Of course a question of jurisdiction can not be waived. Jurisdiction should affirmatively appear, and the question may be raised at any time. *Grace* v. *American Central Ins. Co.*, 109 U. S. 278, 283; *M. C. & L. M. Railway Co.* v. *Swan*, 111 U. S. 379, 382; *Mattingly* v. *Northwestern Virginia Railroad Co.*, 158 U. S. 53, 56, 57. Yet the action of the party in acquiescing may strengthen inferences of necessary facts from the record to sustain the jurisdiction, in the absence of a showing to the contrary. It sufficiently appears here that the controversy between the Brown-Crummer Company of Kansas and the city was as to the validity of the warrants and as to the ownership by that company of them and their acquisition by that company as a bona fide purchaser for value without notice. This was a controversy wholly between citizens of different states which could be fully determined as between them. The question of the guaranty as between the city and Head's estate and the surety on the guaranty needed not to be considered or determined in that controversy and had no bearing on it. The jurisdiction is sufficiently clear.

A further objection is made that the Circuit Court of Appeals erred in not deciding the issue made as between the city and the executor, Head, and the Surety Company, and in remanding it with directions to dismiss it. This objection is more serious. The necessary effect of the removal on such a ground was to remove the whole suit. This brought it all before the district court and the Circuit Court of Appeals for complete disposition.

By the Act of July 27, 1866 (c. 288, 14 St. 306), a defendant of a different State from that of the plaintiff was enabled to remove a separable controversy between them, leaving the plaintiff, if he so desired, to proceed in the state court against the other defendant or defendants on the other issues. But later came the Act of March 3, 1875 (c. 137, 18 St. pt. 2, p. 470) the language of which was repeated in the present section 28 of the Judicial Code, and with minor changes is now the law. (See 36 St. 1094.) It provides that "when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit to the district court of the United States for the proper district." In *Barney* v. *Latham,* 103 U. S. 205, 211, this Court held that in distinction from the removal provided in the Act of 1866, the Act of 1875 removed the whole case to the federal court for judgment. This conclusion was confirmed in *Brooks* v. *Clark,* 119 U. S. 502, 512, and in *Torrence* v. *Shedd,* 144 U. S. 527, 530. The rule established by these cases has never been varied or questioned.

It was the duty, therefore, of the Circuit Court of Appeals to consider the other issue in this case, which it erroneously remanded to the lower court to be dismissed. We must then reverse the judgment and send the cause

back to the Circuit Court of Appeals for further proceedings.

It may be suggested that we might consider the correctness of the judgment against the city in favor of the Brown-Crummer Company on the city warrants and decide that. We have been advised by counsel that a case involving the validity of such warrants under the state law is now pending in the Texas Supreme Court and that the Circuit Court of Appeals should have the benefit of that decision before passing on the question.

Without intimating that the decision of the Texas court on the question of city warrants will be controlling under the circumstances of this case, we deem it better to remand the whole case to the Circuit Court of Appeals for further proceedings and complete disposition.

*Reversed.*