## HORNE v. ADERHOLD et al.
### No. 1469.

District Court, N. D. Georgia, Atlanta Division. Sept. 12, 1932.

R. C. Horne, Jr., of Columbia, S. C., and Frank A. Bowers, of Atlanta, Ga., for plaintiff.

Hal Lindsay, Asst. U. S. Atty., of Atlanta Ga., for defendant Aderhold, Warden.

UNDERWOOD, District Judge.

Plaintiff filed suit for damages in the superior court of Fulton county, Ga., against defendants jointly for alleged conspiracy to defame him and unlawfully deprive him of his liberty.

One of the defendants, A. C. Aderhold, Warden of the United States Penitentiary at Atlanta, Ga., applied for and was granted a writ of certiorari under section 33 of the Judicial Code (28 USCA § 76) removing the suit to this court, upon the grounds that he was an "officer of the courts of the United States" and that all of his acts in the premises "were done by him as Warden of the United States Penitentiary at Atlanta, Georgia, in the performance of his duties as such officer of the courts of the United States," and that he had done "nothing whatever in the premises but to receive the plaintiff under the commitment issued by the District Court of the United States for the Western District of North Carolina * * * pursuant to which said commitment the plaintiff was regularly confined by defendant (Aderhold) as an officer of the Court issuing the commitment and charged with the duty of carrying out the directions, and pursuant thereto was required to serve the sentence imposed."

Plaintiff moved to remand the case on the grounds that Aderhold was not, and was not sued as, an "officer of the courts of the United States"; that the suit did not involve a separable controversy or a controversy between citizens of different states; and that all defendants did not join in the application for removal, and no removal petition or bond was filed in the state court.

The case depends solely upon its removability under section 33 of the Judicial Code, and the other questions relating to diversity of citizenship, filing bond, etc.,

691

need not be considered, as they form no part of the requirements for removing a case under said section.

The motion to remand was tried to the court upon the pleadings, which were all sworn to, without further evidence.

Two questions are presented: (1) Is the suit removable? (2) If so, is the entire suit removable or merely the part affecting Aderhold?

The pertinent part of section 33 of the Judicial Code is as follows: "When any civil suit * * * is commenced in any court of a State * * * against any officer of the courts of the United States for or on account of any act done under color of his office or in the performance of his duties as such officer, * * * the said suit * * * may at any time before the trial or final hearing thereof be removed for trial into the district court next to be holden in the district where the same is pending."

By the above-quoted provision, Congress has manifested the intention to permit the named officers to have suits against them, for acts done in the performance of their duties as federal officers, tried in the United States courts.

This would appear to be not only a safeguard from possible hostile local situations, but a reasonable provision whereby the United States courts may in the first instance construe the powers and pass upon the conduct of federal officers in the performance of their federal duties.

As said by the Supreme Court: "The constitutional validity of the section rests on the right and power of the United States to secure the efficient execution of its laws and to prevent interference therewith, due to possible local prejudice, by state prosecutions instituted against federal officers in enforcing such laws, by removal of the prosecutions to a federal court to avoid the effect of such prejudice." Maryland v. Soper, 270 U. S. 32, 46 S. Ct. 185, 190, 70 L. Ed. 449.

The propriety and necessity of such protection of federal officers is further shown in the case of Tennessee v. Davis, 100 U. S. 257, on page 263, 25 L. Ed. 648, in which the Supreme Court say: "It [the United States] can act only through its officers and agents, and they must act within the States. If, when thus acting, and within the scope of their authority, those officers can be arrested, and brought to trial in a State Court, for an alleged offense against the law of the State, yet warranted by the federal authority they possess, and if the General Government is powerless to interfere at once for their protection; if their protection must be left to the action of the State Court; the operations of the General Government may at any time be arrested at the will of one of its members."

The above cases were criminal prosecutions against federal officers, but of course the same principle and reasoning apply in civil cases.

■ The remedies afforded such officers by the act are peculiarly applicable to a warden of a penitentiary, who is exposed to many suits because of the great number of people with whom he has to deal. The language used in the statute is sufficiently broad to include him within its protection. His chief duty is to carry out the mandates of the various courts of the United States, expressed in the commitments issued to him by the courts, which provide that the prisoners committed shall be confined and punished by him in accordance with the judgments of such courts. These duties, in my opinion, constitute him an "officer of the courts of the United States," as these words are used in the act. Jones v. McGill (D. C.) 46 F.(2d) 334.

Under my construction of the law, therefore, I find that the defendant Aderhold is an officer of the courts of the United States and was entitled to have the suit removed under the provisions of section 33 of the Judicial Code.

■■ I am further of the opinion that the entire suit, and not merely that part affecting the defendant Aderhold, was properly removed to this court.

It is clear that where one defendant is granted the right to remove a case from the state to the federal court, Congress may provide for the removal of the entire case, regardless of whether the other defendants might, independently, have the right to remove.

The Supreme Court so held in the case of Barney v. Latham, 103 U. S. 205, in which the court say, on page 213, 26 L. Ed. 514: "Much confusion and embarrassment, as well as increase in the cost of litigation, had been found to result from the provision in the former act permitting the separation of controversies arising in a suit, removing some to the Federal court, and leaving others in the State court for determination. It was often convenient to embrace in one suit

all the controversies which were so far connected by their circumstances as to make all who sue, or are sued, proper, though not indispensable parties. Rather than split up such a suit between courts of different jurisdictions, Congress determined that the removal of the separable controversy to which the judicial power of the United States was, by the Constitution, expressly extended, should operate to transfer the whole suit to the Federal court." See, also, Southern Railway Co. v. Edwards, 115 Ga. 1022, 42 S. E. 375.

Section 33 of the Judicial Code provides that "the said suit" may be removed. The meaning of this language is that the entire suit, and not merely a part of it, may be removed to the federal court.

I am therefore of opinion that this case was properly removed to this court by defendant Aderhold, and that his action brought the entire suit here and not merely a part of it. Accordingly, an order has been entered dismissing the motion to remand.