**COMMERCIAL STANDARD INS. CO. v. DAVIS et al.**

**No. 6907.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 19, 1933.

Rehearing Denied Jan. 13, 1934.

Hobart Price, of Dallas, Tex., for appellant.

Harris M. Kimbrough, of Amarillo, Tex., and Neth L. Leachman, of Dallas, Tex., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

The questions made on this appeal can best be understood by following the development of the litigation. Early Davis was working as an oil well driller on June 14, 1930, when he was injured by an accident. He sought compensation under the Texas Workmen's Compensation Law (Vernon's Ann. Civ. St. Tex. art. 8306 et seq.) before the Industrial Accident Board, naming as his employer Operators Oil Company, whose insurer was Commercial Standard Insurance Company. Pending the inquiry, he learned that the well at which he was working might have been taken over at the date of his injury by Sunray Oil Company, whose insurer was Century Indemnity Company, and he amended his claim to allege this situation and to claim against the Sunray Company and its insurer if in fact

he had become its employee. The Board made an award in his favor and against the Century Indemnity Company. That Company and Davis each gave notice of dissatisfaction and each filed suit as provided by the act (Vernon's Ann. Civ. St. Tex. art. 8307, § 5) to set the award aside, Davis filing his suit against both insurers in the state court and Century Indemnity Company filing in the federal court against Davis and Commercial Standard Insurance Company. Federal jurisdiction was based on diversity of citizenship, Century Indemnity Company being a corporation of Connecticut and Davis being a citizen and Commercial Standard Insurance Company a corporation of Texas. Thereupon Century Indemnity Company claiming that a separable controversy existed between Davis and itself alone in the state court suit, removed it to the federal court. All parties then joined in a motion to consolidate the two cases into one, which was done. Eight months later Commercial Standard Insurance Company moved to dismiss the consolidated case for want of federal jurisdiction, but no order appears on the motion. A trial resulted in a verdict in favor of Davis for a total temporary disability lasting 250 weeks against Commercial Standard Insurance Company, and in favor of Century Indemnity Company. Commercial Standard Insurance Company appealing assigns three errors: That the court is without federal jurisdiction to enter a judgment between Davis and itself, being citizens of the same state; that a form of verdict covering total temporary disability followed by partial disability was not submitted to the jury in the charge; and that all costs were taxed against it.

■ The judgment is rendered in a consolidation of two suits, in each of which the same parties and the same general controversy appear. If the court had jurisdiction over either of the original suits it could try the controversy. As to the removed suit, the contention to uphold jurisdiction is that there was a separable controversy between Davis and Century Indemnity Company touching its liability to which Commercial Standard Insurance Company was no necessary or proper party. As to the original federal suit, the contention is that an award was to be set aside to which both Davis and Commercial Standard Insurance Company were parties and both were indispensable defendants, and that the court having jurisdiction of the entire controversy could not only render judgment as between Davis and Century Indemnity Company but also as between him and Commercial Standard Insurance Company. The petition in the State Court is brought against "Commercial Standard Insurance Company and/or Century Indemnity Company," and abounds in allegations containing that linguistic abomination "and/or" which certainly has no place in the art of pleading. It may be that a separable controversy may be spelled out of it. Removal because of such controversy would under 28 USCA § 71 remove the whole suit and all controversies included in it, Gainesville v. Brown-Crummer Co., 277 U. S. 55, 48 S. Ct. 454, 72 L. Ed. 781, including controversies between citizens of the same state. Barnett v. Mayes (C. C. A.) 43 F.(2d) 521, 522. In the only case we know of where the constitutionality of such a result has been considered, constitutionality was upheld. Hoffman v. Lynch (D. C.) 23 F.(2d) 518. But we prefer to say that the proceedings against the award are special ones under the Texas Compensation Law designed to review and settle the whole liability for the accident promptly and effectually, and in them all parties interested ought to be joined; that Century Indemnity Company had a right to seek federal jurisdiction in its suit to set aside the award and that in it the federal court had authority to adjudicate the whole case as one controversy, treating jurisdiction over questions arising between citizens of the same state as dependent on the jurisdiction over the controversy between the parties of diverse citizenship.

■ It may be that under the law and the evidence the jury might have found total disability for a limited period as they did, and then have found additional partial disability thereafter, and that the judge should so have instructed them. But the failure is not to be complained of by the appellant insurer, because such an instruction would if acted on have added to the verdict against it. We cannot suppose that the jury included any period of partial disability in the 250 weeks which they fixed, for the verdict is express that for that time the disability will be total. Only Davis could complain that they were not told that they might consider whether after total there might ensue partial disability.

■ The case is one at law. The appellant lost it—not only the consolidated case, but each of the suits composing it. There is no reason why all costs should not go against it.

Judgment affirmed.