CLOUD v. McLEAN–ARKANSAS LUMBER CO. et al.

No. L. R.—72.

District Court, E. D. Arkansas, W. D.

Aug. 3, 1939.

Appeal Dismissed Oct. 16, 1939.

Donham & Fulk, of Little Rock, Ark., for plaintiff.

Bradley & Patten, of Little Rock, Ark., for defendants.

LEMLEY, District Judge.

This cause was removed to this court from the Circuit Court of Pulaski County, Arkansas, upon petition of the defendants, and judgment was rendered here in favor of the plaintiff. The defendants have given notice of appeal.

In designating the contents of their record on appeal, the appellants failed to request that the proceedings on removal from the state to the federal court be incorporated therein. Thereupon, within apt time and in accordance with the provisions of Rule 75(a), 28 U.S.C.A. following section 723c, the appellee filed a designation of additional portions of the record, proceedings and evidence to be included in the record on appeal, to-wit: "(1) The petition for removal to the United States District Court, (2) Removal bond, (3) Notice of filing of petition for removal, (4) Order for removal, (5) All of the testimony taken on March 10, 1939, upon the hearing of the motion to remand, (6) Order overruling motion to remand, (7) This designation of contents of record."

The appellants have now filed herein this motion to strike from the record, and to deny to the appellee, his requested designation of additional portions of the record as above set forth, on the ground that the appellee "has not filed a notice of appeal from the order of the court overruling his motion to remand, and is not appealing from said order overruling his motion to remand, and consequently that portion of the record, proceedings and evidence relative thereto has no bearing on the appeal taken in this case and will be only an additional expense both in this court and in the appellate court for the appellants."

The removal papers are a necessary part of the record on appeal. Jurisdiction must appear affirmatively from the record. As stated by Mr. Justice Matthews in Mansfield, C. & L. M. Railway Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 511, 28 L.Ed. 462: "On every writ of error or appeal the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." See also in this connection Chicago, Burlington & Quincy Railway Company v. Willard, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521; Simkins Federal Practice, 3d Ed., Section 899.

It is true that the court retained jurisdiction in Gainsville v. Brown-Crummer Investment Company, 277 U.S. 54, 48 S.Ct. 454, 72 L.Ed. 781, and in Barnette v. Wells Fargo Nevada National Bank, 270 U.S. 438, 46 S.Ct. 326, 70 L.Ed. 669, altho the transcripts did not contain the petitions for removal and motions to remand, due to stipulations between the parties for omission thereof, but in the former case it was shown on the face of the proceedings that the controversy was wholly between citizens of different states which could be fully determined between them, and in the latter the bill itself disclosed that the purpose of the suit was to recover lands and funds in charge of a receiver of a court in Alaska and consequently removable under the Judicial Code; and in both of these decisions the Supreme Court reiterated the long established rule that jurisdiction must affirmatively appear, and cannot be waived.

Whether "all of the testimony taken on March 10, 1939, upon the hearing of the motion to remand" is matter not essential to the decision of the questions presented by the appeal is a matter to be decided by the Circuit Court of Appeals, and not by this court. If the appellate court finds that the testimony in question is not essential, it "may withhold or impose costs as the circumstances of the case and discouragement of like conduct in the future may require", as provided by Rule 75(e).

Motion overruled.