**JONES v. ELLIOTT et al.**

**Civ. A. No. 1211.**

United States District Court
E. D. Virginia, Norfolk Division.

Dec. 19, 1950.

568

Martin Abraham, Portsmouth, Va., for plaintiff.

William B. Eley, Asst. U. S. Atty., Norfolk, Va., for defendant Waylan A. Hahn.

H. M. Woodward, Norfolk, Va., for defendant William Elliott.

BRYAN, District Judge.

On the pattern of Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514; City of Gainesville v. Brown-Crummer Inv. Co., 277 U.S. 54, 48 S.Ct. 454, 72 L.Ed. 781; and Horne v. Aderhold, D.C. Ga., 1 F.Supp. 690, defendant Elliott's motion to remand the case as to him is denied. The Court is persuaded that his codefendant, Hahn's, removal of the action as a Federal officer, under sec. 1442(a) (1), Title 28 United States Code Annotated, brings to this Court the entire case. Charging joint negligence, the complaint will be here tried against the lay as well as the officer defendant. This conclusion is induced too by the succeeding statutory direction, sec. 1447, Title 28 United States Code Annotated, that the Court after removal implead all proper parties. Judicial insistence hat all the litigants thenceforward entrust their case to the Federal court is not, as to the non-removing parties, an unconstitutional arrogation of jurisdiction. State of Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648. It accomplishes, with minimal confusion, the evident Congressional purpose that all suits against officers of the Government, for acts done within the ambit of their authority, be tried only in the courts of the United States. State of Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648, supra.

Failure of Hahn to give notice to Elliott of the removal is not fatal. It may still be given. The procedural statute for removal, sec. 1446, Title 28 United States Code Annotated, prescribes that "the defendant or defendants shall give written notice thereof to all *adverse* parties". Whether the co-defendant is here an adverse party may be debatable, and watchful practice may doubtlessly advise notice to all co-defendants, yet, after all, the notice merely clinches the removal, and delay in the notification should not vitiate a transfer already completed a curia ad curiam.

A decree in accordance with this memorandum will be entered upon presentation by the United States Attorney after submission to other counsel as to form.