Nathaniel BROWN, Plaintiff,

v.

Benjamin E. WESCHLER et al.,
Defendants.

No. 2616–55.

United States District Court
District of Columbia.

Nov. 7, 1955.

Andrew W. Carroll, Washington, D. C., for plaintiff.

Harry L. Ryan, Jr., Washington, D. C., for defendant.

LAWS, Chief Judge.

On June 10, 1955, plaintiff brought suit in the Municipal Court for the District of Columbia against the United States Marshal for the District of Columbia, two of his deputies, and three other defendants, Delores Pippin, Benjamin E. Weschler and Ralph A. Weschler, Jr. Personal service was made on the Marshal and his two deputies on June 10, 1955. On June 13, 1955, the attorney for defendant Pippin entered acceptance of service in her behalf, and on June 14, 1955, personal service was made on defendants Weschler. On June 15, 1955, a petition for removal was filed in the United States District Court for the District of Columbia by the United States Marshal and his two deputies alleging that at the times and places referred to in the complaint they were acting as officers of an agency of the United States. This removal was sought pursuant to 28 U.S.C. §§ 1442(a) (1) and 1446 which read as follows:

"(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office * * *." Sec. 1442(a) (1).

\* \* \* \* \*

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

\* \* \* \*

"(e) Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." Sec. 1446(a) and (e).

On the same day the petition for removal was filed, a bond in the sum of $100 with surety was filed in the United States District Court, a copy of the petition was filed in the Municipal Court for the District of Columbia, and notice of the removal was given to the plaintiff. No notice was given to the co-defendants, Pippin and the Weschlers, who were named in the original Municipal Court action.

On June 28, 1955, defendants Weschler filed a motion to dismiss the complaint in the Municipal Court; and on June 29, 1955, defendant Pippin filed an answer to the complaint in the Municipal Court. The records of the Municipal Court indicate that in July, 1955, (notice to counsel for the defendants Weschler was dated July 12, 1955) counsel for plaintiff filed a memorandum of law claiming the case had been removed to the United States District Court effective as of June 15, 1955, and that the Municipal Court had no further jurisdiction. However, on July 14, 1955, the Municipal Court denied the motion to dismiss the complaint as to the defendants Weschler and on August 24, 1955, defendants Weschler answered the complaint in the Municipal Court. On September 9, 1955, the case was then marked "Ready for Trial Calendar" on the records of the Municipal Court.

On July 21, 1955, no action having been taken by the defendants Pippin and the Weschlers to make answer in the United States District Court, counsel for the plaintiff gave formal notice to them that they were in default and that default would be entered of record on Monday, July 25, 1955, unless appropriate pleadings were filed in the United States District Court. On July 22, 1955, counsel for defendant Pippin filed an answer to the complaint in the United States District Court, but defendants Weschler did not then file and have not now filed any pleading in response to the complaint in the United States District Court. On August 9, 1955, counsel for plaintiff filed an affidavit in support of default in the United States District Court, requesting the Clerk of the Court to enter default against the defendants Weschler. On August 12, 1955, default not having been entered by the Clerk, counsel for plaintiff filed a formal motion for entry of default against defendants Weschler and for a jury inquisition into damages. It is this motion that has been submitted to the Court for decision.

Plaintiff now argues before this Court, as he previously argued before the Municipal Court, that when the petition for removal was filed in the United States District Court, and a copy was filed in the Municipal Court, with notice given to plaintiff, the entire case, not only as to the United States Marshal and his two deputies, but also as to the other three defendants, was effectively removed to the United States District Court. Jones v. Elliott, D.C.E.D.Va.1950, 94 F.Supp. 567; Ferris v. Farnsworth Television &

Radio Corp., D.C.S.D.N.Y.1947, 8 F.R.D. 489; Texas Employers Ins. Ass'n v. Felt, 5 Cir., 1945, 150 F.2d 227, 160 A.L.R. 931; Horne v. Aderhold, D.C.N.D.Ga. 1932, 1 F.Supp. 690. Plaintiff further argues that since defendants Weschler have not pleaded to the complaint in the United States District Court within time limitations, default should be entered as to them.

 In deciding whether an entry of default shall be made by order of Court, a sound discretion will be exercised. See Erick Rios Bridoux v. Eastern Air Lines, Inc., 1954, 93 U.S.App.D.C. 369, 214 F.2d 207. The Court will not go through formal entry of default in a case when it is apparent that in the exercise of its discretion the default will be set aside on motion.

The Federal Rules of Civil Procedure provide that default may be set aside for "good cause" Fed.R.Civ.P. 55 (c), 28 U.S.C. or "(1) mistake, * * * excusable neglect; * * * or (6) any other reason justifying relief * * *." Fed.R.Civ.P. 60(b). While in this case the Court is of opinion that the suit was removed as to all defendants from the Municipal Court to the United States District Court, if not on June 15, 1955, at least as of the time notice was received by the defendants Pippin and the Weschlers from plaintiff dated July 19, 1955, (filed in the District Court on July 21, 1955), nevertheless since the defendants Weschler were permitted by the Municipal Court to proceed in that Court after June 15, 1955, and also after July 21, 1955, the said defendants must be considered to have valid reasons justifying relief from entry of default by reason of failing to respond in the United States District Court. Plaintiff will not be prejudiced except for a slight delay in the trial of his case in this Court, and even this delay may be obviated by a motion to advance to an earlier point on the calendar.

Accordingly, plaintiff's motion for entry of default will be overruled, provided, however, that defendants Weschler will be required to file formal answer within ten days in this Court to the complaint removed from the Municipal Court.