Edward H. MORSCHAUSER et al.,
Plaintiffs,

v.

The AMERICAN NEWS COMPANY,
Defendant.

United States District Court
S. D. New York.

Jan. 31, 1958.

Landis, Taylor & Scoll, New York City, for plaintiffs (David E. Scoll, Kenneth Simon, New York City, of counsel).

Simpson, Thacher & Bartlett, New York City, for defendant (Stephen P. Duggan, Jr., Henry Landau, New York City, Thomas R. Farrell, Jr., of counsel).

THOMAS F. MURPHY, District Judge.

This is a motion to remand.

On August 6, 1957, plaintiffs commenced an action in Supreme Court, New York County, setting forth two claims, one for severance pay alleged to be due, and the other for vacation pay. The

number of plaintiffs specifically named in the action was 1,219, a few of these being named in the caption and the remainder being incorporated therein by reference to two Schedules ("A" and "B") attached to the complaint. In addition to the named plaintiffs,, the caption read, "suing in behalf of themselves and in a representative capacity on behalf of all other former employees of the defendant not listed in Schedule A or Schedule B of the complaint, who may hereafter join in and assist in this action and who are similarly situated, Plaintiffs." Schedule A included the names of several hundred plaintiffs and stated for each plaintiff the date of his employment, termination of employment, salary at time of termination, and amount of severance pay owing to him. Schedule B merely set forth the names of the remaining plaintiffs, numbering close to 900.

On September 13 defendant moved in the State Court to strike all parts of the complaint "relating to the representative character of each cause of action on the grounds that the complaint does not allege facts upon which to base a representative cause of action; and (b) [to require] plaintiffs to separately state and number each separate cause of action as to each plaintiff on the grounds that each plaintiff's situation is individual and the facts relating to each particular plaintiff should be separately set forth so that defendant will be able to answer and properly defend with respect to each plaintiff's cause of action * * *."

This motion was denied on September 25, and on October 8 counsel concluded a stipulation, pursuant to which plaintiffs served an amended complaint on October 16. In this amended complaint all reference to unnamed plaintiffs and the representative character of the action were removed, and instead were listed the name and residence of each of 1,340 plaintiffs. As to some of these plaintiffs only this information was given; as to the rest, date of employment, termination, salary at that time, and amount of severance due, were again stated. On October 30 defendant petitioned for re-

moval of the claims of 247 plaintiffs, those in which diversity of citizenship and the requisite jurisdictional amount were present.

On this motion plaintiffs seek to remand these 247 causes to the State Court on the grounds that: (1) Removal was not timely within 28 U.S.C. § 1446(b); (2) The 247 causes are not "separate and independent claim[s] or cause[s] of action" within 28 U.S.C. § 1441(c), and (3) Removal of only 247 causes was improper in view of the language of § 1441 (c) that "the entire case may be removed * * *." Plaintiffs pray, if their motion be denied, that the court exercise its supposed discretion under this latter section and order the entire case removed into this court.

*1. Was the Removal Timely.*

Section 1446(b) states:

"The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

It is not disputed that the initial pleading was received by defendant on August 6, and that the petition for removal was filed within twenty days of the date the amended complaint was received, i. e., October 16. Plaintiffs argue, however, that time for removal began to run in ad-

vance of this date because defendant knew of the facts from which it could be ascertained that the case was removable long before the date of receipt of the amended complaint, and defendant cannot say that the time for removal runs from the date of receipt of the amended complaint since it "did not change or restate the asserted causes of action and did not, in any way, reshape the stated claims in any manner to make removability for the first time ascertainable."

In support of their first contention, plaintiffs claim that at the time defendant received the initial pleading it knew facts (from which removal was ascertainable) about the 1,219 named plaintiffs, including their residence and amount of claim. They argue, "from the moment this suit started it was obvious to defendant that the overwhelming number of these plaintiffs were residents of states other than Delaware. Defendant also knew that as to hundreds of these individuals, the amount claimed was in excess of $3,000." It is claimed that defendant knew this from the facts disclosed in the complaint—defendant's severance pay practice of giving one week's pay for each six months of employment—plus facts disclosed from its records—the length of employment and last pay rate of each of these employees. "Even if it is held that the defendant could not ascertain that as to some of the plaintiffs diversity of citizenship existed and the amount claimed by such plaintiffs exceeded $3,000.00, at the time of the filing of the original complaint, defendant was certainly aware of those facts at the time of the filing of its affidavit on its motion in the State action, on September 13, 1957, or at the time of the filing of the memoranda of law, on September 20, 1957, and certainly no later than Mr. Justice Aurelio's opinion denying its motion, which is dated September 25, 1957." In support of these arguments plaintiffs rely on Stack v. Strang, 2 Cir., 1951, 191 F.2d 106, and McLeod v. Cities Service Gas Co., 10 Cir., 1956, 233 F.2d 242.

Defendant contends that even if it could have ascertained from its records the residence of each plaintiff, it could not know said residence on the date suit was brought, and it is this date which controls. Cycl.Fed.Practice § 2.297, 1951 ed., and cases therein. Moreover, since the original action was a class action the various claims were not severable or removable; and since some of the named plaintiffs were residents of Delaware, and the residence of named plaintiffs determines whether diversity exists or not in a class action, the entire action also was not removable. Only when the complaint was amended did any part of the action become removable.

Taking the case in the posture in which the parties thus present it, we have plaintiffs' assertion that the defendant knew or should have known or be held to have known the facts from which it could be ascertained that the case was removable, long before the amended complaint was received. Defendant contends that it did not know and should not be held to knowledge of these facts, but that even if it did know them or is held to knowledge of them, the case as stated by the original complaint was in fact not removable; and only upon the filing of the amended complaint did it become so.

■ Without passing on the questions whether a class action in which some of the plaintiffs are and some are not of diverse citizenship with the defendant is removable, or whether the causes removed are separate and independent claims, we hold that the petition was timely since the case as originally stated did not permit of removal. For the action to fall within § 1441(c) diversity had to be shown to exist as between some plaintiffs and the defendant. Until the filing of the amended complaint there was no showing that any specific plaintiff was a citizen of any particular State; all that was shown was that defendant knew that some plaintiffs were of diverse citizenship to that of defendant. Therefore, defendant had no knowledge of diversity between itself and any plaintiff, unless de-

fendant is held to the knowledge in its records as to where its employees lived. But even if it be so held, defendant is right in asserting that the State of their residence at the time of termination of employment, all that its records would show, is not a significant date. Since neither the initial pleading nor any subsequent paper, until the amended complaint, disclosed where any plaintiff lived at the time suit was instituted, the case was not removable until within twenty days of the filing of the petition, when the amended complaint was received.

Neither Stack v. Strang, nor McLeod, supra, changes the result. These cases merely state the rule and do not affect the facts as they exist in the instant case.

*2. Was Removal of 247 Causes Proper.*

We proceed to a discussion of this issue: Whether removal of 247 causes of action was proper, assuming the action begun in the State cause was otherwise removable within the meaning of § 1441 (c).

Plaintiffs claim that § 1441(c), stating that "whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction", requires that the whole case be removed leaving with the *court* the determination as to what portion of it will be retained. Plaintiffs rely on City of Gainesville v. Brown-Crummer Inv. Co., 277 U.S. 54, 48 S.Ct. 454, 72 L.Ed. 781; Peters v. Standard Oil Co. of Texas, 5 Cir., 174 F.2d 162, cf. Friend v. Middle Atlantic Transp. Co., 2 Cir., 153 F.2d 778, Reviser's note to Section 1441, p. 3 of 28 U.S.C.A. §§ 1441 to 1650, and argue that failure to remove the entire case makes the petition defective and justifies remand, or in the alternative that the entire case must be removed or the undesirable result of two trials, and double expense, etc., will be achieved.

Defendant's argument is twofold: that the word "may" indicates an intention to permit removal of less than the entire case, and that since even if it removed the entire case, part of the case would be subject to remand, presumably, what would be accomplished at a later stage should be permitted at an earlier one.

Defendant, finally, consents "if the court sees fit," to removal of the entire case to the federal court. Whether remand or ordering the State causes into federal court is proper, should be decided apart from defendant's consent.

The issues, then, are whether defendant's procedure was improper, and if so, what action should the court take.

■■ We think it is relatively clear that the statute requires the entire case to be removed in the first instance to the district court. Defendant's first argument misinterprets the use of the term "may." The more likely use of the term that was intended is that a party *may*, not *must*, remove the [entire] case; it is being used in a permissive, rather than a mandatory, sense. This is the same sense in which the same word is used in the latter part of the sentence, where the district court is given the choice of remanding or retaining the non-removable issues. We feel that defendant could not contend that the district court could remand *part* of the non-removable issues only. Moreover, giving defendant's meaning to the term would imply too much from the word. Had Congress intended to give such an option to defendants it would be more likely to have done so explicitly. Defendant's second argument cuts two ways and, we believe, more strongly against it than for it. Were defendant's construction adopted the discretion as to what part of a case would be in the district court, and what part in the State court, would lie with the removing party and not with the court, contrary to the express language of the statute. See Note, 52 Colum.L.Rev. 101, 103 (1952); Lewin, 66 Harv.L.Rev. 423 (1953).

Having been improperly removed, we conclude the only course open to the court is to remand, unless it has the power to order the remaining part of the case into this court. Defendant's consent cannot confer on the court the power to do so. Plaintiffs' suggestion that if the court deny its motion to remand it should remove the entire case under § 1441(c) is based on the erroneous assumption that this section confers such a power. From its terms it contemplates no such power. No other section of the removal provisions provides this power and even if it did it would raise a serious constitutional question.

Motion to remand granted.

Settle order.