351 F.2d 163
 L. C. MURPHY, as Special Administrator of the Estate of Arthur G. Goodnow, now deceased, Viola Goodnow and A. H. Davidson, Appellants,
v.
Ruth H. KODZ, as surviving widow of Constantine Kodz, deceased, Appellee.
 No. 19508.
 United States Court of Appeals Ninth Circuit.
 September 21, 1965.
 
 Charles L. Hardy, Kramer, Roche, Burch & Streich, Phoenix, Ariz., for appellant.
 Anthony D. Terry, Hull, Terry & Ford, Tucson, Ariz., for appellee.
 Before POPE, KOELSCH and BROWNING, Circuit Judges.
 KOELSCH, Circuit Judge.
 
 
 1
 This appeal presents a thorny question going to the jurisdiction of the District Court of a case removed to it from a state court after the removal predicate is subsequently dropped from the proceedings.
 
 
 2
 Plaintiff Ruth H. Kodz commenced a wrongful death action in the Superior Court of the State of Arizona against Howard Shupe, the Estate of Arthur Goodnow, Goodnow's employer A. H. Davidson, and another. Plaintiff's decedent was killed in a midair plane collision occurring while the aforementioned were engaged in forest fire suppression activities.
 
 
 3
 Shupe, alleging that he was an officer of the United States Forest Service, acting in his official capacity at the time of the accident, sought and obtained removal of the entire case to the United States District Court, pursuant to 28 U.S.C. § 1442(a) (1).[1]
 
 
 4
 Parenthetically we note that no other head of federal jurisdiction was alleged or appears as to the remaining parties.
 
 
 5
 Trial in the District Court resulted in judgment in favor of Shupe. The jury was unable, however, to agree as to the liability of Goodnow and Davidson, and a new trial was had resulting in judgment against them.
 
 
 6
 Defendants then filed several motions, including for the first time a motion to remand the case to the state court. They argued that federal court lost further jurisdiction of the case upon entry of the judgment for Shupe, the sole party entitled to invoke that court's jurisdiction. The motions were denied, and defendants appeal.
 
 
 7
 Appellants do not and cannot question the propriety of removing the case insofar as it concerned liability of the Forest Service Officer Shupe. 28 U.S.C. § 1442(a) (1); State of Tennessee v. Davis, 100 U.S. 257, 25 L.Ed. 648 (1880); and see Gay v. Ruff, 292 U.S. 25, 33-34, 54 S.Ct. 608, 78 L.Ed. 1099 (1934). The constitutional supremacy accorded the general government in its sphere requires, or at least permits, that federal officers acting pursuant to federal law have a federal tribunal to vindicate themselves, free from any potential restraint by the state sovereignty. Tennessee v. Davis, supra, 100 U.S. at 263, 266-267.
 
 
 8
 But appellants contend that the purpose of the rule was fully served when the action terminated in favor of the federal defendant Shupe, and that the District Court was without jurisdiction to proceed to a retrial of the non-federal defendants. Reasoning on the pattern of cases arising under 28 U.S.C. § 71 (1946 ed.) involving "separable controversies" removed to federal court, appellants urge that the District Court should have remanded the case to the Arizona court at the point where only non-federal parties and claims were before it. See cases cited in St. Paul Mercury Indemnity Company v. Red Cab Company, 303 U.S. 283, at 295, 58 S.Ct. 586, 82 L.Ed. 845 (1938).
 
 
 9
 The analogy is not entirely inapposite. These cases implicitly recognize, that absent some independent head of federal jurisdiction, retention of the non-federal claims involves the court with subject matter at the periphery of United States judicial power. For the Constitution ordains that judicial power shall only extend to those cases specifically enumerated. United States Constitution, Article III, Section 2. See International Brotherhood, etc. v. W. L. Mead, Inc., 230 F.2d 576, 579 (1st Cir. 1956), cert. dismissed 352 U.S. 802, 77 S.Ct. 21, 1 L.Ed.2d 37; Texas Employers Insurance Ass'n v. Felt, 150 F.2d 227, 234, 160 A.L.R. 931 (5th Cir. 1945); see also State of Tennessee v. Davis, supra, 100 U.S. at 290, (dissenting opinion) Textile Workers, etc. v. Lincoln Mills, 353 U.S. 448, 475-484, 77 S.Ct. 912, 1 L.Ed.2d 972 (dissenting opinion 1957); Lewin, 66 Harvard Law Rev. 423 (1953). But it bears emphasis that cases arising under a particular statute do not define the jurisdictional limits Congress or the Constitution may set under another statute. As an example, removal jurisdiction under 28 U.S.C. § 1441(c), the successor to the separable controversy statute, was motivated by a Congressional desire to narrow federal court jurisdiction. American Fire & Casualty Co. v. Finn, 341 U.S. 6, at p. 10, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Compare 28 U.S.C. § 1441(c) (1948 ed.) with 28 U. S.C. § 71 (1946 ed.). But see Lewin, Op. Cit. supra, 66 Harvard Law Rev. at 431.
 
 
 10
 Thus, while cases involving separable controversies are not without persuasion as analogous, neither do they necessarily define the full reach of federal jurisdiction under 28 U.S.C. § 1442 (a). And we find other analogies more impressive. It has long been recognized that cases in the penumbral area of federal jurisdiction, so-called ancillary or pendant jurisdiction, are properly cognizable under the judicial power. To illustrate, in the leading case of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), the Supreme Court indicated that a state claim may be so related to a federal claim that the two may be said to represent the same cause of action though resting upon different grounds, and in that situation the state or non-federal claims will be within the pendant jurisdiction of the District Court. See also Siler v. Louisville & Nashville R.R., 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753 (1909). Perhaps the most expansive view of the constitutional limits of federal judicial power is reflected in the opinion of Chief Justice Marshall in the early case of Osborn v. Bank of United States, 9 Wheat. 737, 22 U.S. 737, 6 L.Ed. 204 (1824) and see Pacific Railroad Removal cases, 115 U.S. 1, 12, 5 S.Ct. 1113, 29 L.Ed. 319 (1885). Marshall wrote broadly "* * * that when a question to which the judicial power of the Union is extended by the Constitution, forms an ingredient of the original cause, it is in the power of Congress to give the [District] Courts jurisdiction of that cause, although other questions of fact or law may be involved in it." Osborn, supra, 22 U.S. at 821. Although exercise of that power has been statutorily curtailed in specific instances, such as we have noted, the holding of that case remains as the authoritative exposition of the constitutional scope of federal jurisdiction. See International Brotherhood, etc. v. W. L. Mead, Inc., supra, 230 F.2d at 580; Mishkin, 53 Col.Law Rev. 157, 160 (1953). Compare Textile Workers, etc. v. Lincoln Mills, supra, 353 U.S. 448, 475-484, 77 S.Ct. 912.
 
 
 11
 From these cases it is clear that, absent some statutory limitation, federal jurisdiction may be exercised over non-federal facets of a case if there is first established jurisdiction based on a substantial federal ingredient.
 
 
 12
 Of particular relevance here is the analogous situation presented in Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514 (1880), decided under the "separable controversy" statute.[2] It was there held that where one defendant had the right to remove a case from the state to the federal court, the entire case, even as to defendants unable to remove, was transferable to the federal court. The Supreme Court reasoned:
 
 
 13
 "Much confusion and embarrassment, as well as increase in the cost of litigation, had been found to result from the provision in the former Act permitting the separation of controversies in a suit, removing some to the federal court, and leaving others in the state court for determination. It was often convenient to embrace in one suit all the controversies which were so far connected by their circumstances as to make all who sue, or are sued, proper, though not indispensable parties. Rather than split up such a suit between courts of different jurisdictions, Congress determined that the removal of the separable controversy to which the judicial power of the United States was, by the Constitution, expressly extended, should operate to transfer the whole suit to the federal court." Id. at 213.
 
 
 14
 In City of Gainesville v. Brown-Crummer Co., 277 U.S. 54, 60, 48 S.Ct. 454, 456, 72 L.Ed. 781 (1928) Chief Justice Taft wrote:
 
 
 15
 "In Barney v. Latham, 103 U.S. 205, 211, 26 L.Ed. 514, this court held that [the statute] removed the whole case to the federal court for judgment [emphasis supplied]. This conclusion was confirmed in Brooks v. Clark, 119 U.S. 502, 512, 7 S.Ct. 301, 30 L.Ed. 482, and in Torrence v. Shedd, 144 U.S. 527, 530, 12 S.Ct. 726, 36 L.Ed. 528. The rule established by these cases has never been varied or questioned."
 
 
 16
 Two district courts and two courts of appeal have held the Barney rationale applicable to actions removed by federal officers under provisions of 28 U.S.C. § 1442. Horne v. Aderhold, 1 F.Supp. 690 (D.C.Ga.1932); Jones v. Elliott, 94 F. Supp. 567 (D.C.Va.1950); Bradford v. Harding, 284 F.2d 307 (2d Cir. 1960); Allman v. Hanley, 302 F.2d 559, 562 (5th Cir. 1962): See also, Brown v. Weschler, 135 F.Supp. 622, 623 (D.C.D.C.1955).
 
 
 17
 So, too, many cases indicate that if removable to a federal court, subsequent developments in a case following removal do not defeat federal jurisdiction. "It uniformly has been held that in a suit properly begun in federal court the change of citizenship of a party does not oust the jurisdiction." St. Paul Mercury Indemnity Co. v. Red Cab Company, supra, 303 U.S. at 294, 58 S.Ct. at 593 and cases cited. Thus neither plaintiff's subsequent reduction of his claim to less than the jurisdictional amount [Id. at 292, 58 S.Ct. 586] nor intervention terminating complete diversity [Hardenbergh v. Ray, 151 U.S. 112, 14 S.Ct. 305, 38 L.Ed. 93 (1894)] disturb the diversity jurisdiction of a federal court. Similarly, when the jurisdiction depends upon the fact that a party to the case is the United States, a disclaimer of their interest will not force a remand. Brelsford v. Whitney Trust & Savings Bank, 69 F.2d 491 (5th Cir. 1934).
 
 
 18
 These cases underscore a judicial reluctance to make jurisdiction hinge on fortuities or ex parte tactical moves when the matter is one within the federal judicial competence as broadly envisioned under the Constitution as enunciated by Marshall.
 
 
 19
 In sum, we hold that the entire case in both its federal and non-federal facets was properly removed and that jurisdiction of the District Court was not ousted when the federal removal predicate was subsequently dropped from the proceedings. Southern Pacific Co. v. Haight, 126 F.2d 900, 903 (9th Cir. 1942) cert. den. 317 U.S. 676, 63 S.Ct. 154, 87 L.Ed. 542. Accord, Texas Employers Insurance Ass'n v. Felt, supra, 150 F.2d 227; Dery v. Wyer, 265 F.2d 804 (2d Cir. 1959). See also, Kirby v. American Soda Fountain Co., 194 U.S. 141, 24 S.Ct. 619, 48 L.Ed. 911 (1904); Mullen v. Torrance, 9 Wheat. 536, 22 U.S. 536, 6 L.Ed. 154 (1824).
 
 
 20
 But at the same time, we recognize that existence of power to adjudicate a controversy is not always coextensive with the propriety of its exercise. Wham-O-Mfg. Co. v. Paradise Mfg. Co., 327 F.2d 748, 753 (9th Cir. 1964); Sunbeam Lighting Co. v. Pacific Associated Lighting, Inc., 328 F.2d 300, 303 (9th Cir. 1964). Where the federal head of jurisdiction has vanished from the case, and there has been no substantial commitment of judicial resources to the nonfederal claims it is, as Judge Merrill of this court has written, akin to "making the tail wag the dog" for the District Court to retain jurisdiction. Moynahan v. Pari-Mutuel Employees Guild of California Local 280, 317 F.2d 209, 212 (9th Cir. 1963). These considerations give rise to a discretion in the District Court to dismiss the complaint and remand the case to the State court. Wham-O-Mfg. Co. v. Paradise Mfg. Co., supra, 327 F.2d at 753; Sunbeam Lighting Co. v. Pacific Associated Lighting Co., supra, 328 F.2d at 753.[3]
 
 
 21
 We need not rest our decision on any claim of judicial economy, for we are impressed that no opportunity for exercise of that discretion was accorded the District Court by motion to remand at the close of the federal facet of the case. That the District Court proceeded with the non-federal claims does not, in this instance, afford a ground for reversal: Failure of the appellants to bring to the attention of the court considerations requiring an exercise of discretion estops them from asserting that privilege after decision on the merits. Cf. Fienup v. Kleinman, 5 F.2d 137, 139 (8th Cir. 1925); Handley-Mack Co. v. Godchaux Sugar Co., 2 F.2d 435, 436-437 (6th Cir. 1924); Bailey v. Texas Co., 47 F.2d 153, 155 (2d Cir. 1939); Heintz & Co. v. Provident Tradesmens Bank & Trust Co., 228 F.Supp. 165 (D.C.Pa.1964); McKay v. Rogers, 82 F. 2d 795 (10th Cir. 1936); Lopata v. Handler, 121 F.2d 938, 940 (10th Cir. 1941). See also American Fire & Casualty Co. v. Finn, supra, 341 U.S. at 16-17, 71 S.Ct. 534. To hold otherwise would encourage litigants to wager on their success on the merits, and if they lost, permit them to call the contest a nullity.
 
 
 22
 The judgment is affirmed.
 
 
 
 Notes:
 
 
 [1]
 28 U.S.C. § 1442(a) (1)
 "(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
 (1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue."
 
 
 [2]
 The 1948 changes in this statute overturned the result in Barney. See 28 U.S.C. § 1441(c); American Fire & Casualty Co. v. Finn, supra, 341 U.S. at p. 12, n. 5, 71 S.Ct. 534
 
 
 [3]
 Not dispositive, but indicative of the correct judicial approach is the congressional direction that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case * * *" 28 U.S.C. § 1447(c)