NATIONAL WESTERN LIFE INSURANCE CO., INC., Plaintiff,

v.

Kenneth G. FISCHER d/b/a Fischer & Associates, Defendant.

No. Civ. A. 89–C–319.

United States District Court, E.D. Wisconsin.

Oct. 11, 1989.

Roy G. Stohlman, Appleton, Wis., for plaintiff.

Charles H. Johnson, Greendale, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

### FACTS

On February 17, 1989, National Western Life Insurance Co., Inc. ("National") commenced a breach of contract claim in excess of $50,000 against Kenneth G. Fischer ("Fischer") in the Circuit Court for Outagamie County, Wisconsin. National is a corporation incorporated under the laws of Texas with its principal place of business in Texas, and Fischer is a citizen of Wisconsin. On March 14, 1989, Fischer filed a petition to remove National's complaint to this court. Fischer claims that removal to this court is proper pursuant to Title 28 U.S.C. § 1441 because the amount in controversy exceeds $10,000 and the dispute is between citizens of different states. National has not objected to Fischer's removal of this action.

### DISCUSSION

The federal district courts are courts of limited jurisdiction and have an affirmative duty to ensure that they have jurisdiction to hear the case or controversy in question. *Mansfield, Coldwater & Lake Michigan Ry. v. Swan,* 111 U.S. 379, 28 L.Ed. 462 (1884). In addition, the Seventh Circuit has held:

> [T]he federal courts are obliged to police the constitutional and statutory limitations on their jurisdiction. That is why, even at the appellate level, the court must satisfy itself that there is federal jurisdiction over the case.

*Kanzelberger v. Kanzelberger,* 782 F.2d 774, 777 (7th Cir.1986).

The only basis for Fischer's removal of National's claim is diversity of

citizenship between the parties. (Def. March 14, 1989 Petition for Removal). The applicable statute governing removal based on diversity of citizenship is 28 U.S.C. § 1441(b) which provides that:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action [governing diversity of citizenship jurisdiction] shall be removable *only* if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(emphasis added). There is no dispute between the parties that Fischer is the proper defendant of National's claim and that he is a citizen of the state where the action was brought, Wisconsin. Thus, 28 U.S.C. § 1441(b) does *not* permit Fischer to remove National's claim to federal court.[1] *Martin v. Snyder*, 148 U.S. 663, 13 S.Ct. 706, 37 L.Ed. 602 (1893). In addition, the United States Supreme Court and the Seventh Circuit have held that federal jurisdiction cannot be conferred by consent of the parties. *Gainesville v. Brown–Crummer Invest. Co.*, 277 U.S. 54, 59, 48 S.Ct. 454, 455–56, 72 L.Ed. 781 (1928); *Kanzelberger* 782 F.2d at 777.

IT IS THEREFORE ORDERED that this action is remanded to the Circuit Court of Outagamie County, Wisconsin.

---

**1.** The issue of whether or not a case is properly removable is distinguishable from the issue of whether or not this court has original jurisdiction. A claim that a federal court lacks original jurisdiction to hear a case can be raised by either party or the court at any stage in the proceeding. On the other hand, a claim for remand based on lack of jurisdiction due to improper removal must occur prior to a federal district court's decision on the merits. The United States Supreme Court has noted this distinction and held:

> Longstanding decisions of this Court make clear, however, that where after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court.

*Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972). This distinction, however, does not alleviate this court's duty to remand a case to state court when jurisdiction is lacking because removal is improper.