Thomas E. LENGYEL, Plaintiff,

v.

SHEBOYGAN COUNTY, Ann
M. Wondergem, and Gary
Johnson, Defendants.

Civ. A. No. 94–C–1074.

United States District Court,
E.D. Wisconsin.

March 31, 1995.

Thomas Nelson, Shneidman, Myers, Dowling & Blumenfield, Milwaukee, WI, for plaintiff.

Lisa M. Leemon, Lindner & Marsach, Milwaukee, WI, for defendants.

### ORDER TO REMAND

REYNOLDS, District Judge.

Plaintiff Thomas E. Lengyel ("Lengyel") claims he was unlawfully terminated from his position as a social work supervisor for Sheboygan County, Wisconsin. On September 9, 1994, he commenced a suit in the Circuit Court for Sheboygan County. On September 26, 1994, defendants removed the case to federal court, asserting that plaintiff's state court suit contained causes of action based on the First, Fifth, and Fourteenth Amendments of the Constitution. Plaintiff's state court complaint, however, did not refer to these constitutional provisions.

On December 8, 1994, this court ordered that the parties brief the question of whether plaintiff's state court complaint, which omitted any reference to the Constitution, laws, or treaties of the United States, and which was brought to enforce state laws, was properly removed to federal court pursuant to 28 U.S.C. §§ 1441 *et seq.* The court ordered that parties submit simultaneous briefs and reply briefs on this question, but parties failed to do so. Rather, plaintiff submitted an amended complaint on December 29, 1994, which contained two references to 42 U.S.C. § 1983. Defendants submitted an answer to the amended complaint on January 23, 1995.

■ Federal district courts are courts of limited jurisdiction and have an affirmative duty to ensure that they have jurisdiction to hear the case or controversy before them. *National W. Life Ins. v. Fischer,* 722 F.Supp. 554 (E.D.Wis.1989). The Seventh Circuit has stated: "[T]he federal courts are obliged to

**138**

police the constitutional and statutory limitations on their jurisdiction. That is why, even at the appellate level, the court must satisfy itself that there is federal jurisdiction over the case." *Kanzelberger v. Kanzelberger,* 782 F.2d 774, 777 (7th Cir.1986).

■ When a district court determines there is a lack of subject matter jurisdiction, the case shall be remanded, even if the parties prefer to remain in federal court. As the Seventh Circuit has observed: "Having found himself in federal court after removal, the plaintiff may want to stay there. A remand on the court's own motion may deprive *both* sides of their preferred forum." *In re Continental Cas. Co.,* 29 F.3d 292, 294 (7th Cir.1994).

■ The court has concluded that removal of this case to federal court was improper. Defendants premised their removal on grounds of original jurisdiction, pursuant to 28 U.S.C. 1441(b), which provides:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

In his state court complaint, however, plaintiff makes no reference to the Constitution, treaties, or laws of the United States. He states causes of action for due process, defamation, and negligence, based primarily on defendants' alleged violation of Wis.Stat. § 19.85(1), ensuring the right of terminated public employees to receive evidentiary hearings in open session. But plaintiff does not make any reference to 42 U.S.C. § 1983, the Constitution, nor to any federal constitutional violation.

■ Because this case was improperly removed to federal court in the first instance, plaintiff may not keep it in this improper forum by amending his complaint. Federal subject matter jurisdiction must be determined at the time of removal; "a party may

not manipulate jurisdiction by amending the complaint." *Land and Lakes Co. v. Henderson,* No. 94–C–1815, 1994 WL 124876, at *2 (N.D.Ill. Apr. 11, 1994). Similarly, the U.S. Supreme Court and Seventh Circuit have held that federal jurisdiction cannot be conferred by consent of the parties. *Gainesville v. Brown–Crummer Invest. Co.,* 277 U.S. 54, 59, 48 S.Ct. 454, 455–56, 72 L.Ed. 781 (1928); *Kanzelberger,* 782 F.2d at 777. Rather, this court remains bound by the edict of 28 U.S.C. § 1447(c), which states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

**IT IS THEREFORE ORDERED** that this action is remanded to the Circuit Court of Sheboygan County, Wisconsin.