### ROWLEY v. TRESENBERG et al.
### No. 46.

Circuit Court of Appeals, Second Circuit.

Nov. 24, 1941.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

John P. Chandler, of New York City, for appellant.

Asher Blum, of New York City, Mock & Blum, of New York City, for appellees.

PER CURIAM.

The design patent-in-suit (No. 109,647, issued on May 10, 1938, to the plaintiff) is for "an egg beater or similar article"; and disclosed a design, in front and side elevations and in section, of such a utensil having an ordinary handle and a flaring or fanlike bowl. So far as the monopoly can rest upon anything, it must be upon the bowl, which was scooped like a spoon, rounded at the further edge, and pierced by eleven slits, each rounded at both ends. The further edge of the bowl was also scalloped, matching the rounded further ends of the slits. The whole has a faint appeal to the eye, but the prior art has reduced its novelty to a minimum. Whitney's patent, No. 1,098,070, showed a fanlike beater with slits having rounded ends; but the bowl and handle were all in one plane, and the further edge, though rounded, was not scalloped. Vaughn's patent, No. 2,023,451, had a scooped bowl whose further edge was rounded; but it was made of separate fingers, each a wire loop rounded only at its further end. Rowley's Design Patent, No. 102,959, was like Vaughn's. In Hamil's Design Patent No. 54,164, the bowl had a straight further edge and was curved, though it was not scooped like a spoon but was in section like a fork.

The supposed infringement is like the patent in being scooped like a spoon, fanlike in plan, and having slits with two round ends; it is unlike it in having a straight further edge. The resemblance might serve for infringement if the patent was entitled to any scope, but it is not for the art pressed too close about it. Design patents being without claims, the Office never really declares of what combination of elements the monopoly consists; and

the grant really amounts to no more than saying that the patent lurks somewhere among the possible combinations which will fit upon the disclosure. All we can ever do therefore is to compare the design supposed to infringe with the nearest art, and decide whether it took any substantial originality to step from one to the other. Considering the variants which this art disclosed, it is apparent that if the patent-in-suit can stand at all, it must be closely limited to the exact disclosure. It is true that the defendant's beater seems not to have been anticipated in all its details, but to fashion it out of what had gone before needed so little borrowing from the patent-in-suit as not to justify the necessary latitude.

Judgment affirmed.