## MULLER v. TRIBOROUGH BRIDGE AUTHORITY.

District Court, S. D. New York.

Jan. 14, 1942.

S. F. Peavey, Jr., of New York City, for plaintiff.

William C. Chanler, Corp. Counsel, of New York City (George H. Mitchell and John W. MacLeod, both of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Plaintiff brings this action for an infringement of a copyright of an unpublished work, described in the application for the copyright as "Bridge Approach—The drawing shows a novel bridge approach to unsnarl traffic congestion". The application for the copyright was filed, pursuant to Section 11 of the Copyright Act, 17 U. S.C.A. § 11, as an unpublished work, that is, a work of which "copies are not reproduced for sale". The copyright was registered December 10, 1929, in the United States Copyright Office at Washington, D. C. The application for the registration specified that the work should be classified under subdivision (i) of Section 5, 17 U. S.C.A. § 5(i), as a drawing of "a scientific or technical character".

Plaintiff alleges that the defendant "wrongfully and unlawfully appropriated and used said copyrighted design and plan in the design, plan, construction and operation of the Approach to Cross Bay Parkway Bridge, which was designed, planned and constructed by defendant and which is maintained by defendant and for the use of which defendant charges a toll". The bridge in question crosses part of Jamaica Bay from Broad Channel to Rockaway Beach in Queens County, New York City. A system of ramps, viaducts, loops and traffic lanes, jointly described as a traffic separator, takes care of the traffic at the Rockaway Beach end of the bridge so that all lanes of traffic can move without crossing or being interrupted by other lines of traffic at that point. Plaintiff alleges that his copyrighted drawing was novel and unique and originated with him and that

prior to the alleged use of said copyrighted plan and design by defendant, and before the construction of the Approach to said Cross Bay Parkway Bridge by the defendant, plaintiff showed and exhibited to defendant's agents, servants and employees said copyrighted plan and design.

It is also alleged that the plan and design is of great value, worth at least $100,000, and that defendant's actions damaged the plaintiff in the sum of $10,000. The prayer for relief asks that the defendant be compelled to account to plaintiff for all profits that have accrued to defendant from the use of said copyrighted design and plan and to pay to plaintiff his just share of said profits and in addition such damages as may be just and proper.

Defendant denies any use of plaintiff's drawing or design in the construction of the Approach to Cross Bay Parkway Bridge and pleads the defense that the complaint is insufficient in law on the face thereof and fails to state a claim against defendant on which relief can be granted.

The points made by defendant are (1) that a physical structure such as the bridge approach complained of cannot properly be made the subject of a copyright, since it belongs to the useful rather than to the fine arts; (2) that if plaintiff had invented a new method of handling traffic, he should have sought protection under the patent law; (3) that there is not sufficient similarity between the copyrighted drawing and the bridge approach (in reality a traffic separator) to substantiate plaintiff's charge; (4) that there was no actual appropriation by defendant of any part of the copyrighted work, but that the Approach to Cross Bay Parkway Bridge was independently conceived and executed by engineers for the New York City Parkway Authority from independent sources of information.

In separate findings of fact and conclusions of law I have found that there is considerable similarity between the copyrighted drawing and the design of the bridge approach, but that there was no actual appropriation by defendant of any part of plaintiff's copyrighted work, and that the design for the bridge approach was independently conceived and executed by the engineers of the New York City Parkway Authority from other sources based on prior experience. Among these sources of information were the construction plans for traffic separators at Wantagh, Long Island, where the road to Jones Beach meets the Southern State Parkway, for which plans were prepared in 1928 or early 1929 before plaintiff's drawing was registered.

■ Even if it were assumed that the defendant actually used plaintiff's copyrighted drawing in designing and constructing the bridge approach of the Cross Bay Parkway Bridge Highway at Rockaway Beach, plaintiff would be without any remedy. The applicable principle of law has been stated in the oft-cited case of Baker v. Selden, 101 U.S. 99, 102, 25 L.Ed. 841, wherein the court held that a claim to the exclusive property in a peculiar system of bookkeeping cannot be maintained, under the law of copyright, by the author of a book in which the system is exhibited and explained. The following quotations from Mr. Justice Bradley's opinion in the Baker v. Selden case completely meet the situation presented in the case at the bar:

"To give to the author of the book an exclusive property in the art described therein, when no examination of its novelty has ever been officially made, would be a surprise and a fraud upon the public. That is the province of letters-patent, not of copyright. The claim to an invention or discovery of an art or manufacture must be subjected to the examination of the Patent Office before an exclusive right therein can be obtained; and it can only be secured by a patent from the government.

\*       \*       \*       \*       \*

"The copyright of a work on mathematical science cannot give to the author an exclusive right to the methods of operation which he propounds, or to the diagrams which he employs to explain them, so as to prevent an engineer from using them whenever occasion requires. The very object of publishing a book on science or the useful arts is to communicate to the world the useful knowledge which it contains. But this object would be frustrated if the knowledge could not be used without incurring the guilt of piracy of the book. And where the art it teaches cannot be used without employing the methods and diagrams used to illustrate the book, or such as are similar to them, such methods and diagrams are to be considered as necessary incidents to the art, and given therewith to the public; not given for the purpose of publication in other works explanatory of the art, but for the purpose of practical application."

300

At the trial of the case at bar plaintiff frequently referred to the copyrighted drawing as his "invention".

In Brief English Systems v. Owen, 48 F.2d 555, 556, the Circuit Court of Appeals for this Second Circuit, considered an alleged infringement of a published system of shorthand. Judge Chase wrote:

"In so far as the plaintiff claims to have the exclusive right to the use of a published system of shorthand, this suit must fail. There is no literary merit in a mere system of condensing written words into less than the number of letters usually used to spell them out. Copyrightable material is found, if at all, in the explanation of how to do it. Guthrie v. Curlett et al. [2 Cir.] 36 F.2d 694, 696. Without suggesting that anything in its shorthand system this plaintiff would retain by copyright for itself alone might have been the subject of a valid patent, it may be said that the way to obtain the exclusive property right to an art, as distinguished from a description of the art, is by letters patent and not by copyright. For present purposes it is enough to recognize that the plaintiff's shorthand system, as such, is open to use by whoever will take the trouble to learn and use it. Baker v. Selden, 101 U.S. 99, 25 L.Ed. 841; Griggs v. Perrin (C.C.) 49 F. 15."

In the case at bar plaintiff's copyright of a drawing, showing a novel bridge approach to unsnarl traffic congestion, does not prevent any one from using and applying the system of traffic separation therein set forth. The complaint is dismissed on the merits.