Ramon REACHI and Cafe Candle Lite Mfg., Inc., a corporation, Appellant,

v.

Jerome EDMOND, individually and doing business as General Wax and Candle Company, Appellee.

No. 16635.

United States Court of Appeals Ninth Circuit.

April 26, 1960.

Rehearing Denied June 2, 1960.

Herzig & Jessup, Los Angeles, Cal., for appellant.

Robert E. Geauque, Van Nuys, Cal., for appellee.

Before HAMLEY, HAMLIN, and JERTBERG, Circuit Judges.

HAMLEY, Circuit Judge.

This infringement and unfair competition suit involving a design patent was brought by Ramon Reachi, owner of the patent, and Cafe Candle Lite Mfg., Inc., the exclusive licensee. The defendant, Jerome Edmond, doing business as General Wax and Candle Company, denied the allegations of infringement and unfair competition. He also challenged the validity of the patent. Judgment was entered in favor of plaintiff on the question of validity, and in favor of defendant on the questions of infringement and unfair competition. Plaintiff appeals.

The design patent in question, No. D–174,398, was issued on April 5, 1955, under the authority of 35 U.S.C.A. § 171. The described design is for a candle-lamp, thereafter known in the trade as "Cafe Candle Lite Lamp." The lamp made in this design is intended for use on hotel, restaurant, club, tavern, and tearoom tables. The accused design is also for a candle-lamp, known as an "Astra Lamp," intended for similar use.

The cause was tried to a jury, but on the issue of unfair competition its verdict was to be advisory only. In response to interrogatories propounded by the trial court, the jury found that the

patent was for a new and original ornamental design, the creation of which was an act of invention. The jury also found that the accused design infringed the patent. In addition the jury made advisory findings which if accepted would establish unfair competition.

Defendant, having failed to obtain a directed verdict in his favor at the close of the evidence, moved for judgment notwithstanding the verdict to the effect that the patent was invalid and in any event not infringed. Defendant also asked the trial court to enter judgment in his favor on the issue of unfair competition without regard to the jury's advisory verdict to the contrary. In an unreported memorandum decision thereafter filed the trial court upheld the jury verdict that the patent was valid, but ruled, notwithstanding the jury verdict, that the patent had not been infringed. The court also held, contrary to the jury's advisory verdict, that defendant had not engaged in unfair competition.

■ Findings of fact and conclusions of law consistent with these determinations were entered.[1] A judgment declaring the patent valid but denying plaintiff any monetary recovery or injunctive relief was also entered. On this appeal appellant contends that the trial court should not have overturned the jury verdict on the question of infringement, and that its findings to the effect that there was no unfair competition are clearly erroneous.

■ We will first consider the question of whether the trial court erred in holding that there was no infringement notwithstanding the jury verdict to the contrary. The trial court did not err in this regard if the evidence is such that without weighing the credibility of the witnesses the only reasonable conclusion is that the patented design was not infringed. See Himes v. Chadwick, 9 Cir., 199 F.2d 100, 102, setting out the rule to be followed in reviewing a judgment notwithstanding the verdict.

■ In determining whether the trial court reached the only reasonable conclusion it is necessary to bear in mind the test to be applied with regard to the infringement of design patents. This test, as stated in Gorham Mfg. Co. v. White, 14 Wall. 511, 528, 81 U.S. 511, 528, 20 L.Ed. 731, is as follows:

" * * * if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other."

Lamps incorporating, respectively, the patented and accused designs were introduced in evidence as exhibits and are before us on this appeal. In our opinion an ordinary observer, giving such attention as a purchaser usually gives, would notice that the patented design consists of three principal features. One of these is a glass cylinder closed at the bottom in which the wax and wick are contained.[2] Another is a metal frame of heavy wire consisting of two circular rings at the bottom connected solidly to three metal support rods which run vertically the length of the cylinder, there connecting with three concentric metal rings which form a shield over the top of the cylinder. The third such feature is an outer metal sleeve a little more than half the length of the glass cylinder, which serves as a perforated screen and

---

1. Findings of fact were not necessary with regard to the issues of patent validity and infringement, but may be considered as indicating the reason of the trial judge for entering judgment n. o. v. on the question of infringement. Hamilton Foundry & Machine Co. v. International Molders & Foundry Workers, 6 Cir., 193 F.2d 209, 213. Findings of fact were necessary on the question of unfair competition since there was only an advisory verdict on that issue. See Rule 52(a), Federal Rules of Civil Procedure, 28 U.S. C.A.

2. The use of a glass container filled with wax and a wick is old in the art.

may be vertically positioned along the cylinder as desired.[3]

Such an observer would also in our opinion note that in the accused design the first two of these design features differ substantially from those of the patent, and the third such feature is wholly lacking. The glass container of the accused device is not cylindrical but is vase-shaped. It also has in its base three indentations not present in the patented design, the purpose being to provide a groove where the upright supports may snugly fit.

■ The metal frame of the accused device differs from that of the patented design in two particulars. The base of the frame consists of three concentric, heavy circular wires instead of two. The three support rods do not rise vertically from the base as in the case of the patented design but angle out as they rise. This is necessary in order to accommodate the indentations at the bottom of the glass container and the vase-like shape of the container.[4]

The accused design has no outer metal sleeve which may serve as a perforated shield as in the case of the patented design. The record shows that many who buy the Cafe Candle Lite Lamp remove this sleeve, and Reachi testified that this feature is "optional." The lamps, however, are not sold without the shield, and as before noted this is one of the prime features of the design.[5]

The resultant effect of these differences in individual features is to produce over-all lamp designs which are substantially dissimilar. In our opinion the only reasonable conclusion is that an ordinary observer would not regard the over-all designs as substantially the same, and would not be deceived into taking one design as the other.

■ In this connection the following observation made in Edison Electric Appliance Co. v. Fitzgerald Mfg. Co., 2 Cir., 32 F.2d 705, 706, is especially applicable:

"Although servile imitation is not required to constitute infringement, a patentee who claims only the design 'as shown' is limited to substantially the form disclosed in the drawing. * * * The impression created by the design must be derived from the thing patented, and not by the selection of one or more features of which the observer particularly approves."

Reachi and the general manager of Cafe Candle Lite Mfg., Inc., testified that they received telephoned inquiries from some dealers indicating that the latter were under the impression that appellee's Astra Lamps were manufactured by appellant company. Such confusion, however, was not expressly attributed to similarity of design. It may well have been due to the unwarranted assumption that since Cafe Candle Lite Mfg., Inc., manufactured and sold one type of candle lite it was also the manufacturer and seller of the other.

One dealer testified that he "switched" from the Cafe Candle Lite to the Astra

---

3. The manner in which the sleeve is perforated is not an important part of the design.

4. The metal shield at the top of the accused design is very similar to that of the patented design. A shield of about this kind is required by the fire department regulations. A feature of a design which is wholly functional cannot be relied upon to prove infringement. See Rowley v. Tresenberg, D.C., 37 F.Supp. 90, affirmed 2 Cir., 123 F.2d 844.

5. The file wrapper indicates that at one stage of the proceedings in obtaining the design patent the examiner made the observation that "as the perforated outer cylinder appears to be a part of the design, although not an important part, reference to the dotted lines being for illustrative purposes is improper." Appellant points to the words "although not an important part" as indicating that the metal sleeve was only a minor feature of the design. The fact remains, however, that the patent itself states that "the dominant features of my new design are shown in solid lines." The metal sleeve is also shown in pictures of the Cafe Candle Lite Lamp reproduced in sales brochures which were distributed to dealers in the restaurant and hotel equipment trade.

Lamp because the latter was cheaper and "looked like" the Cafe Candle Lite. Again, this testimony is not sufficiently definitive to constitute evidence of infringement. The patented and the accused designs were both for upright candle lamps utilizing glass containers, this being old in the art. To this extent the two "looked alike," at least enough alike so that the cheaper price of Astra Lamp would be a selling point. But this testimony does not tend to establish that the features of the design which were patented were copied in the accused design. The only substantial evidence on the latter point is the patent drawings and the physical exhibits which, in our opinion, conclusively show lack of similarity.

We conclude that the trial court did not err in determining, notwithstanding the verdict of the jury, that appellant's design patent is not infringed by appellee's Astra Lamp.

With regard to the question of unfair competition, the issue before us is whether the finding of fact favorable to appellee is clearly erroneous. As before noted, the trial court's finding that there had been no unfair competition is contrary to the advisory verdict of the jury, This verdict, however, was not binding upon the trial court. Greenwood v. Greenwood, 3 Cir., 234 F.2d 276, 278. Nor does it in any way affect the limitation placed upon this court by Rule 52(a) to the effect that findings of fact are not to be set aside unless clearly erroneous.

Since the acts of appellee which are asserted to constitute unfair competition occurred in California, the law of that state governs. Sunbeam Furniture Corporation v. Sunbeam Corporation, 9 Cir., 191 F.2d 141. Under the law of California unfair competition means and includes unfair or fraudulent business practice and unfair, untrue, or misleading advertising and any act denounced by Bus. & Prof.C. secs. 17500–17502, 17530, 17531.[6]

The trial court found that there is no substantial evidence of genuine confusion. The court also found that there was no palming-off of appellee's product as that of appellant corporation. "There was," the trial court found, "nothing more than the usual competition in the sale of similar products."

In our opinion this finding of fact is not clearly erroneous.

The judgment is affirmed.

---

6. Civil Code of California, sec. 3369.