SUNBEAM LIGHTING COMPANY,
Appellant,

v.

PACIFIC ASSOCIATED LIGHTING IN-CORPORATED and Mitchell Bobrick, also known as "Mitch" Bobrick, Appellees.

No. 18930.

United States Court of Appeals
Ninth Circuit.

Feb. 14, 1964.

Rehearing Denied March 17, 1964.

Mason & Graham, and Collins Mason, Los Angeles, Cal., A. Donham Owen, San Francisco, Cal., and Mitchell & Gold, Beverly Hills, Cal., for appellant.

Mellin, Hanscom & Hursh and Jack E. Hursh, San Francisco, Cal., for appellees.

Before MADDEN, Judge of the Court of Claims, and BROWNING and DUNIWAY, Circuit Judges.

MADDEN, Judge:

The United States District Court for the Northern District of California, Southern Division, granted summary judgments in favor of the defendants, dismissing both of the two causes of action of the plaintiff. In this opinion the parties are referred to in their respective postures in the district court, i. e., the appellant is called plaintiff and the appellees, defendants.

The plaintiff sued the defendants for unfair competition and for infringement of the plaintiff's design patent, the complaint stating two separate causes of action. The first cause of action, for unfair competition, would not, of itself, be cognizable in a federal court. However, Title 28 of the United States Code, § 1338(b), provides:

"The district courts shall have original jurisdiction of any civil action. asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws."

The plaintiff relies upon that statutory provision to justify its inclusion, in this federal court proceeding, of its first cause of action, the one for unfair competition.

■ We consider first the cause of action for patent infringement. The plaintiff has a design patent for a combined hospital and bed light fixture and service outlet control panel. This being a design patent, the only monopoly which is or could be claimed by the plaintiff on account of its patent is a monopoly of the design or ornamentation of the plaintiff's device. The manufacture by another of a device merely containing the same functional elements as the plaintiff's device, but without copying the design, would not be an infringement, since the plaintiff has no patent upon any of the functional elements.

■ This court, in the case of Reachi v. Edmond, 9 Cir., 277 F.2d 850, at 852 stated the test for determining whether a design patent had been infringed, as follows:

" * * * if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other."

The plaintiff's device, the design of which the defendants are accused of infringing, is a rectangular fixture about six feet six inches long, seven inches high and of a depth varying from eight inches at the top to three inches at the bottom, to be placed on the wall of a hospital room at the head of the patient's bed. As one looks at the fixture, some four feet of the length of it at its left end consists of a space, enclosed by a plastic covering, for long fluorescent light tubes for the general lighting of the room, and below this space a cupboard or recess into or against which two separate light fixtures, attached to the ends of hinged arms, can be pushed or folded when the light fixtures are not extended and in use. The rest of the length of the rectangular device, occupying two feet of its length at its right hand end, is a so-called "console," a flat surface in which are located outlets for the various services necessary or convenient to have readily available in a hospital room. These are electric outlets, an oxygen outlet, a grille for a loud speaker, a microphone, a television plug-in outlet. These various outlets, which would otherwise be located at various places in the walls or floors of hospital rooms, are thus brought together in one convenient place in a sightly fixture. The lights in the recess which occupies the left hand part of the fixture can, as we have said, be pulled out on their hinged arms. One of them is a reading lamp which the patient can place in a position convenient to him. The other is an examination light for the doctor, with longer arms so that it can be positioned over any part of the patient's body.

■ The application for the design patent now owned by the plaintiff showed, in figure 1, a front view of the entire fixture, there being nothing in-

terrupting the front surface except the two adjustable lamps folded back against the front of the recess into which their arms are folded. Figures 2, 3 and 4 are a top view, a left end view and a right end view of the entire device. These views merely show shapes surrounded by lines. Figure 5 shows a front view of the fixture, with the arms, which carry the lamps, extended. Figure 6 is a top view showing those arms somewhat farther extended. The printed matter on the patent describes it as:

The ornamental design for a combined hospital bed light fixture and service outlet control panel, as shown.

There is no claim in the patent papers except the claim to the ornamental design "as shown" in the patent drawings. One does not infringe such a design patent unless he makes what is, at least substantially, an imitation of the design shown in the patent drawings. Reachi v. Edmond, C.A. 9, 277 F.2d 850, 853.

The defendants' fixture, accused by the plaintiff of infringement, serves the same over-all purpose as the plaintiff's fixture. It brings together, in a hospital room, all the various outlets which are necessary or convenient for the service of the patient. It has its panel board for the service outlets in the left hand part of its length. The arrangement of these outlets is not at all similar to the arrangement on the plaintiff's panel. The right hand portion of the defendants' fixture contains, at the top, a light for illuminating the room, and in the bottom of the space, a light tube behind a concave glass or plastic surface. This is the reading light for the patient. There are no extendable lights or hinged arms, and no recess to receive folded arms when they are not extended. The doctor's examination light in the defendants' fixture is a flash light which pulls out from the panel board on an extendable cord.

The trial judge, having before him the regular commercial embodiments of the fixtures of the parties, made findings XI and XII as follows:

### XI

That the over-all design of the "Consolite" fixture manufactured and sold by defendant, Pacific Associated Lighting Incorporated, is not the same nor is it substantially similar to the design claimed in the patent in suit, and one fixture could not be confused for the other.

### XII

That when the patented and accused designs are viewed as a whole there is no "identity of appearance" and there exists no "sameness of effect" such as to deceive an intelligent purchaser.

■ This court had before it at the argument of this appeal the same embodiments of the competing devices which were before the district judge. We are in complete agreement with his findings quoted above. We therefore affirm his dismissal, with prejudice, of the plaintiff's cause of action for infringement of the plaintiff's design patent.

As we have seen, the plaintiff's first cause of action was for alleged unfair competition, and the ground upon which it could be brought in a federal court, rather than a state court, was the ground stated in Section 1338(b) of Title 28 United States Code, quoted supra herein. In the instant case the district court, having, on the defendants' motion for summary judgment, dismissed with prejudice the plaintiff's second cause of action, the one relating to alleged infringement of the plaintiff's patent, decided that it lacked jurisdiction over the plaintiff's first cause of action, the one for unfair competition. It therefore dismissed the plaintiff's first cause of action, without prejudice, for lack of jurisdiction.

On January 31, 1964, this court, in the case of Wham-O-Mfg. Co. v. Paradise Manufacturing Co., 9 Cir., 327 F.2d 748, took a position on this problem differing from that taken by the district court in the instant case. In Wham-O-Mfg. Co., as in our instant case, there was a count

for patent infringement, joined with a count for unfair competition. The district court, on the defendants' motion for summary judgment, granted summary judgment on the claim based on the patent. It then, *sua sponte,* dismissed the claim for unfair competition. This court concluded that the district court had dismissed the latter claim because it regarded its dismissal of the patent claim as having deprived it of jurisdiction to adjudicate the unfair competition claim.

█ This court concluded that the district court in Wham-O-Mfg. Co. had not been automatically deprived of its jurisdiction of the unfair competition claim by its dismissal of the patent claim. It held that jurisdiction remains in the district court in such cases and that, in certain circumstances, the district court should retain and decide the unfair competition claim. It cited Telechron, Inc. v. Parissi, 197 F.2d 757 (2d Cir.) in which there had been sixteen days of trial during which the plaintiff had adduced evidence covering both the federal and non-federal claims, as an example of a case in which the dismissal of the non-federal claim, for lack of jurisdiction, would be useless waste of energy already spent by the court. But this court held in Wham-O-Mfg. Co. that, the district court having dismissed the federal claim on a motion for summary judgment, and no time nor energy having been devoted to the taking of testimony in the case, that court, in the exercise of a sound discretion, would have had no choice but to dismiss the unfair competition claim, without prejudice to the plaintiff's right, if it should so elect, to bring suit on that claim in a state court. This court, therefore, affirmed the district court's dismissal of the unfair competition claim.

█ Our case is just like the Wham-O-Mfg. Co. case in the respect discussed above. The district court dismissed the non-federal claim because it thought that its dismissal of the federal claim automatically left it without jurisdiction over the non-federal one. In so thinking, the district court was in error. But as this court concluded in Wham-O-Mfg. Co., we conclude here that an exercise by the district court of a sound discretion would have resulted in its dismissing the non-federal claim. It therefore reached the correct result.

The judgments of the district court are in all respects affirmed.