**SCHOLZ HOMES, INC., Plaintiff-Appellant,**

v.

**Jake H. MADDOX, Jr., and Boland-Maloney Lumber Company, Inc., Defendants-Appellees.**

**No. 17001.**

United States Court of Appeals Sixth Circuit.

June 20, 1967.

William Katzinski, Louisville, Ky., for appellant.

Joseph E. Stopher, Louisville, Ky., Joseph E. Stopher, A. J. Deindoerfer, Boehl, Stopher, Graves & Deindoerfer, Louisville, Ky., on brief, for Maddox.

Arthur W. Grafton, Louisville, Ky., Stuart E. Lampe, A. Wallace Grafton, Jr., Wyatt, Grafton & Sloss, Louisville, Ky., for Boland-Maloney Lumber Co.

Before CELEBREZZE, PECK, and McCREE, Circuit Judges.

McCREE, Circuit Judge.

This is an appeal from an order dismissing plaintiff-appellant's complaint

which alleged that defendants-appellees had infringed plaintiff-appellant's copyrighted architectural plans and had engaged in unfair competition by marketing a house similar to that offered for sale by plaintiff-appellant.

Scholz Homes, Inc., held a copyright on plans for a split-level house which it marketed as its "Southern Shore" model. Scholz displayed this house at builders' conventions, and publicized it in a widely-distributed copyrighted booklet entitled "The Famed Scholz Design Collection." Maddox, who stated by affidavit that he may have seen the Southern Shore model displayed at a Chicago convention, took a rough sketch of a house similar to the Southern Shore to a draftsman employed by Boland-Maloney Lumber Company so that he could prepare plans to be used by Maddox in constructing it. Maddox proceeded with the construction upon receipt of the Boland-Maloney drawings.

The district court granted the motions for summary judgment of Maddox and Boland-Maloney on two grounds: (1) under the authority of Baker v. Selden, 101 U.S. 99, 25 L.Ed. 841 (1879) and cases following it, no claim for copyright infringement is stated if the alleged infringer uses copyrighted plans to construct a building rather than to communicate to others how the building might be constructed, and (2) no evidence had been adduced to indicate that either defendant had utilized the copyrighted plans in the construction of the Maddox house.

Baker v. Selden, supra, involved the alleged infringement of a copyrighted book which explained a novel system of bookkeeping. The purported infringer had marketed ledger books based upon the system described in the copyrighted work. The court held that the ledgers did not infringe the explanatory text:

* * * To give to the author of the book an exclusive property in the art described therein, when no examination of its novelty has ever been officially made, would be a surprise and a fraud upon the public. That is the province of letters patent, not of copyright. 101 U.S. at 102.

* * * The very object of publishing a book on science or the useful arts is to communicate to the world the useful knowledge which it contains. But this object would be frustrated if the knowledge could not be used without incurring the guilt of piracy of the book. And where the art it teaches cannot be used without employing the methods and diagrams used to illustrate the books, or such as are similar to them, such methods and diagrams are to be considered as necessary incidents to the art, and given therewith to the public; not given for the purpose of publication in other works explanatory of the art, but for the purpose of practical application. 101 U.S. at 103.

Muller v. Triborough Bridge Authority, 43 F.Supp. 298 (S.D.N.Y.1942) and De Silva Construction Corp. v. Herrald, 213 F.Supp. 184 (M.D.Fla.1962), the two cases cited by the district court which applied *Baker* to architectural plans, involved no allegations that copyrighted plans had been infringed by making additional sets of plans. Instead, these two cases considered and rejected the contention that copyrighted plans were infringed merely by constructing buildings according to those plans. It might therefore be argued that the instant situation presents a stronger case for infringement than either of the earlier architectural cases, since Scholz alleged not only that Maddox constructed a house according to the Scholz Southern Shore plan but also made copies of that plan. Even if the holder of a copyright of architectural plans cannot prevent others from building according to those plans, he might still retain the exclusive right to their duplication. Section 1 of the Copyright Statute gives the copyright holder the exclusive right to "print, reprint, publish, *copy,* and vend the copyrighted work." 17 U.S.C. § 1. (Emphasis added.)

The difficulty with this argument is that *Baker* would seem to go farther than

either *Muller* or *De Silva* by permitting the copying of the plans themselves. It will be recalled that the Supreme Court said in *Baker* that if the art described in a book could not be employed without certain diagrams, "such * * * diagrams are to be considered as necessary incidents to the art, and given therewith to the public." 101 U.S. at 103. Hence, if architectural plans are to be treated in the same way as "a book on science or the useful arts," then *Baker* would seem to permit the making of plans as well as the construction of buildings.

Perhaps the most promising method of avoiding this difficulty is to argue that copyrighted architectural plans should be treated differently from copyrighted books, and that the principles enunciated in *Baker* should therefore be held inapplicable.[1] The Copyright Statute as it existed at the time of *Baker* apparently did not provide protection for architectural plans. 101 U.S. at 101. The only protected category into which the court could fit Mr. Selden's treatise on bookkeeping was that of "books," and it was obvious to the court that the book in question had been written for the purpose of instructing others in the art of bookkeeping. It is far less obvious that architectural plans are prepared for the purpose of instructing the general public as to how the depicted structure might be built. Rather, they are often prepared so that they may be used in the building of unique structures, or at least structures limited in number. If the Copyright Statute protected merely against the vending of plans instead of against their unauthorized use,

it would therefore fail to afford a form of protection architects might strongly desire. This protection would most effectively be provided by holding the unauthorized construction of a building according to a copyrighted plan to be an infringement;[2] if *Baker* is followed to the extent of holding that the possession of the copyright in the plans gives no exclusive right to construct the building, then protection could be provided by declaring the making of unauthorized copies of the plans to be an infringement.[3]

We find it unnecessary in the present case either to choose one of the aforementioned alternatives or to reject them both. The trial court found that there was no evidence from which it might be inferred that either defendant had utilized plaintiff's copyrighted plans in planning or constructing the house, although Maddox may have seen the Scholz Southern Shore home displayed at a convention and may have been familiar with the booklet "The Famed Scholz Design Collection." We agree with the trial court, and we do not think the affidavit of Leslie Abbott, stating in conclusory terms that "it is extremely unlikely that one set could have been prepared without access to the other set," can fill the gap which is created by the absence of any direct evidence of access. Scholz is then left with the contention that the making of plans by Boland-Maloney and the construction of the house by Maddox infringed its copyrighted booklet "The Famed Scholz Design Collection." This argument, however, is answered by Baker v. Selden. While the

---

1. Another alternative, of course, is to argue, as Professor Nimmer does, that Baker was wrongly decided. See Nimmer on Copyright § 37 et seq. The more recent decision of the Supreme Court in Mazer v. Stein, 347 U.S. 201, 74 S.Ct. 460, 98 L.Ed. 630 (1954) suggests a restricted interpretation of *Baker*. In *Mazer*, the Court says at 217, 74 S.Ct. at 470:

> Thus, in Baker v. Selden, 101 U.S. 99, 25 L.Ed. 841, the Court held that a copyrighted book on a peculiar system of bookkeeping was not infringed by a similar book using a similar plan which

achieved similar results *where the alleged infringer made a different arrangement of the columns and used different headings.* (Emphasis added.)

2. This suggestion is made in Nimmer, supra note 1 § 27.

3. See Katz, "Copyright Protection of Architectural Plans, Drawings, and Designs," 19 Law & Contemp.Prob. 224, 245. In May v. Bray, 30 C.O.Bull. 435 (S.D.Cal. 1955), copyrighted architectural plans were held to be infringed by the making of unauthorized copies, but these copies had also apparently been sold by the infringer.

copyrighted plans may not have been intended to place the Southern Shore home before the general public, this was the purpose of the booklet. The affidavit of Charles Clark states:

> In keeping with the Scholz advertising and promotion program involving the distribution of this type of advertising, Scholz Homes, Inc., distributed a very large number of the aforesaid, "Design Collections" during the course of the N.A.H.B. Show in Chicago, Illinois in December, 1962, at which time Scholz supplied special bus transportation from McCormack Hall and the Conrad Hilton Hotel in Chicago to various subdivisions where builders and others taking advantage of the tour, visited Scholz models. All participants were given complimentary copies of the "Design Collection" mentioned above, during the course of such tours.

It seems clear that "The Famed Scholz Design Collection" was copyrighted to preserve its value as an advertising medium, and not to give Scholz the exclusive right to copy the plans depicted therein. The district court was therefore correct in holding that Scholz' complaint and accompanying affidavits were insufficient to support a claim of infringement.

Scholz argued in the district court in opposition to defendants-appellees' motions for summary judgment that its claim of unfair competition must be heard by the district court and it would therefore be improper to dismiss the suit. Although this contention has not been repeated on appeal, we point out that 28 U.S.C. § 1338 states:

> The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trademark laws.

Where, as here, the claim of copyright infringement was properly disposed of on a motion for summary judgment, the copyright claim was not so "substantial" as to preclude dismissal of a related claim of unfair competition. Sunbeam Lighting Co. v. Pacific Associated Lighting, Inc., 328 F.2d 300 (9th Cir. 1964).

The judgment of the district court is affirmed.