The **HERMAN FRANKEL ORGANI-ZATION**, Plaintiff,

v.

Gregg **TEGMAN** et al., Defendants.

**Civ. A. Nos. 40093, 74–70118.**

United States District Court,
E. D. Michigan, S. D.

Dec. 18, 1973.

Jerold I. Schneider, Cullen, Settle, Sloman & Cantor, Detroit, Mich., for plaintiff.

Harry H. Young, Detroit, Mich., Allen M. Krass, Birmingham, Mich., for defendants.

**1052**

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

These are companion suits. Plaintiff, The Herman Frankel Organization, alleges in each that the named defendants have violated 17 U.S.C. § 101 by performing certain acts which constitute infringement of plaintiff's copyrighted material (Count One [1]), and that they have performed certain acts which constitute unfair competition, unjust enrichment and passing off or "palming off" (Count Two [2]).

Jurisdiction is conferred on this court pursuant to 28 U.S.C. §§ 1338, 1400.

All named defendants have filed a motion for summary judgment as to Counts One (1) and Two (2) in each suit. Plaintiff has also filed a motion for summary judgment as to Count One (1) in each suit. The motions were submitted upon the pleadings, affidavits, depositions and the briefs and arguments of the parties. The following facts are undisputed by the parties.

Plaintiff is a Michigan corporation engaged in the designing, building and selling of homes. In accordance with their regular business policy, plaintiff, in 1972, registered a copyright claim on a full set of architectural drawings, including floor plans, for a model home called the "Shorewood". The documents were submitted as a technical drawing in Class I, as provided in the Copyright Act, 17 U.S.C. § 5(i).[1] Plaintiff also registered a copyright claim on an abridged architectural drawing of the "Shorewood" floor plan as a technical drawing in Class I.[2] The abridged architectural drawing of the "Shorewood" floor plan was prepared from the original full set of architectural drawings. The copyright registration noted the abridged floor plan was derived from the full set of architectural plans, as required by the Copyright Act, 17 U.S.C. § 7.[3]

These abridged floor plans are published for limited distribution and are not available to the general public as advertising literature. They are only available to people the plaintiff believes to be bona fide purchasers.

Defendants Gregg Tegman and Joan Tegman asked the plaintiff to construct a "Shorewood" residence on a lot owned by defendant Gregg Realty Company. Plaintiff declined the offer because they did not have construction crews and supervisors available to work on the lot owned by defendant Gregg Realty Company. Defendants Gregg Tegman and Joan Tegman then contracted with defendants Irwin Ager and Ager Building Company to build a residence substantially similar to the plaintiff's "Shorewood" model.

Defendants Irwin Ager and Ager Building Company, in turn, contracted with defendant Robert Carroll, a draftsman, to prepare plans for the Tegman residence by copying plaintiff's copyrighted abridged floor plan, which was supplied to him by defendants Irwin Ager and the Ager Building Company. The evidence is uncontroverted that defendants Gregg and Joan Tegman did not solicit any act of copying.

Defendant Carroll has admitted copying the copyrighted, abridged floor plans furnished him by defendants Irwin Ager and Ager Building Company, in preparing construction plans for defendants Gregg and Joan Tegman's residence.

The issue presented in this motion is whether the admitted copying of copyrighted, abridged floor plans alone (Civil Action 74–70118), and as they represent a "derivative work" of the full set of architectural plans (Civil Action

---

1. Copyright Registration Certificate IP 10614, issued July 13, 1972. Alleged infringement of this copyright is the basis of Civil Action No. 40093.

2. Copyright Registration Certificate IP 11206, issued June 22, 1973. Alleged infringement of this copyright is the basis of Civil Action No. 74–70118.

3. The Copyright Act, 17 U.S.C. § 7, permits the registration of a claim to a copyright on a work as an abridgement of an existing work.

40093), constitutes a violation of the Copyright Act, 17 U.S.C. § 101.

Congress has provided that works classified as "drawings or plastic works of a scientific or technical character" are copyrightable, 17 U.S.C. § 5(i). The regulations of the Copyright Office expressly include "an architect's blueprint" as a work registerable within this class. 37 C.F.R. § 202.12(a). Finally, every valid copyright vests in its holder the exclusive prerogative "to print, reprint, publish, copy, and vend the copyrighted work." 17 U.S.C. § 1(a); Imperial Homes Corp. v. Lamont, 458 F.2d 895 (5th Cir. 1972).

■ The test of copyright infringement is whether the work is recognizable by an ordinary observer as having been taken from the copyrighted source. Universal Pictures Co. v. Harold Lloyd Corp., 162 F.2d 354, 361 (9th Cir. 1947); Fleischer Studios, Inc. v. Ralph A. Freundlich, Inc., 73 F.2d 276, 278 (2d Cir. 1934), cert. denied, 294 U.S. 717, 55 S.Ct. 516, 79 L.Ed. 1250. In the present case the plans for the Tegman residence are admitted to be a substantial copy of plaintiff's copyrighted, abridged floor plans. It is clear the plans for the Tegman residence are recognizable as having been taken from plaintiff's copyrighted, abridged floor plan.

At the outset we are faced with the principles established in Baker v. Selden, 101 U.S. 99, 25 L.Ed. 841 (1879). In that case the Court held it was not a violation of the copyright act to use a system of bookkeeping taught by the copyrighted work. The Court, however, did not hold that copies could be made of the copyrighted book without violating the act.

■ Since that case it is clear there is a distinction between copying something that is copyrighted and doing or making the thing or using the knowledge taught by the copyrighted material. The copyright act is not a patent act.

■ In the present case this distinction is important. A person cannot, by copyrighting plans, prevent the building of a house similar to that taught by the copyrighted plans. One does not gain a monopoly on the ideas expressed in the copyrighted material by the act of registering them for copyright. A person should, however, be able to prevent another from copying copyrighted houseplans and using them to build the house.

There is a dearth of case law relating to the copying of architectural floor plans, as distinguished from working drawings. In Imperial Homes Corp. v. Lamont, supra, the plaintiff held a copyright on a complete set of architectural drawings. The floor plan of the complete set of architectural drawings was contained in an advertising brochure distributed by the plaintiff. It had been noted in the brochure that a copyright was claimed on the floor plan but not the advertising brochure. The defendants had copied the floor plan from the advertising brochure in developing a set of drawings for constructing a residential dwelling. In holding that such copying by the defendants of the reproduced floor plan constituted an infringement of the copyright, the court stated ". . . if copyrighted architectural drawings of the originator of such plans are imitated or transcribed in whole or in part, infringement occurs." 458 F.2d at 899.

The court in Imperial also discussed the issue of whether publication of the floor plans in an advertising brochure constituted abandonment of the copyright rights. The court stated:

"Abandonment can only be shown by proving the copyright proprietor intended to surrender the rights in a work he so deliberately perfected. Rather than the publication of the instant booklet evidencing abandonment, the opposite intention is disclosed, because in the brochure Imperial expressly claimed that the floor plan design was the subject of a copyright." 458 F.2d at 898.

In the present case it is admitted by defendants that the copyrighted floor plan contained in the plaintiff's selectively distributed brochure was copied in

preparing plans for a residence substantially similar to the plaintiff's "Shorewood" model home.

■ The placing of the copyrighted, abridged floor plans on a colorful brochure does not constitute abandonment of the plaintiff's copyright rights in the present case. Indeed, the brochure itself indicates the contents contained therein are subject to copyright protection. The act of the plaintiff in this case, as in *Imperial, supra,* demonstrate an intention to retain all copyright rights on the complete set of architectural drawings when expressed in the form of abridged floor plans.

Defendants rely on Scholz Homes, Inc. v. Maddox, 379 F.2d 84 (6th Cir. 1967), in contending the act of copying copyrighted floor plans contained in a brochure does not, as a matter of law, constitute infringement. In *Scholz* the floor plan portion of copyrighted architectural plans for residential dwellings was reproduced in a booklet. The booklet itself was separately copyrighted. Scholz Homes sued Maddox for infringing their copyrighted plans when they discovered Maddox was constructing a residence substantially similar to one of their model homes. The court affirmed the district court's dismissal of plaintiff's action. In *Scholz,* however, the court expressly found there was no direct evidence of access to, or use of, any copyrighted plans. Thus *Scholz* did not involve the issue of admitted copying of copyrighted plans. Rather, the court in *Scholz* found that Maddox' use of Scholz' copyrighted booklet did not constitute an infringement since it was copyrighted "to preserve its value as an advertising medium, and not to give Scholz the exclusive right to copy the plans depicted therein." 379 F.2d at 87.

■ In the present case defendant Joan Tegman visited the plaintiff's "Shorewood" home and procured plaintiff's copyrighted, abridged floor plans. She talked to defendant Ager and inquired whether he could build a house similar in many respects to the plaintiff's "Shorewood" model. She gave the plans to defendant Ager and Ager Building Company for the purpose of building a similar house. Ager employed defendant Robert Carroll to develop plans for such a house using plaintiff's copyrighted floor plans. Defendant Robert Carroll copied the copyrighted, abridged floor plan in preparing drawings for a residence substantially similar to plaintiff's "Shorewood" model home. The admitted act, by defendants Ager, Ager Building Company and Carroll, of copying copyrighted, abridged floor plans alone (Civil Action 74–70118), and as they represent a "derivative work" of the full set of architectural plans (Civil Action 40093), constitutes a violation of the Copyright Act, 17 U.S.C. § 101.

■ There is no evidence defendants Gregg and Joan Tegman played any role in copying the plans. They are, therefore, dismissed as party defendants in both suits.

For the foregoing reasons plaintiff's motion for summary judgment as to liability as stated in Count One (1) of both suits is granted. Defendants' motion for summary judgment as to Counts One (1) and Two (2) in both suits is denied.

This result protects against copying of copyrighted material, yet does not change the copyright act into a patent act and give the person holding the copyright a monopoly on the ideas there expressed. Baker v. Selden, *supra.*

What remains of Count One (1) in this action is a determination of damage to the plaintiff from the wrongful copying of his copyrighted plans.

So ordered.