812 F.2d 1401
 1987 Copr.L.Dec. P 20,065, 1987 Copr.L.Dec. P 26,065
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
KEELER BRASS COMPANY, Plaintiff-Appellant,
v.
CONTINENTAL BRASS COMPANY, Everett Bryant Sales, Inc.,
Defendant-Appellee.
 No. 86-2077.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 9, 1986.
Decided Feb. 17, 1987.
 
 Before WINTER, Chief Judge, PHILLIPS, Circuit Judge, and HENDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 John E. McGarry (Varnum, Riddering, Schmidt & Howlett, Jack W. Floyd, Smith, Helms, Mulliss & Moore on brief), for appellant.
 James Thomas Williams, Jr. (R. Marshall Merriman, Jr., Brooks, Pierce, McLendon, Humphrey & Leonard on brief), for appellees.
 PER CURIAM:
 
 
 1
 Plaintiff, a designer and manufacturer of decorative hardware for the furniture industry, sued Continental Brass Company (Continental), a manufacturer of ornamental furniture hardware, and Everett Bryant Sales (Everett), Continental's sales agent which also employs a hardware designer, alleging that defendants infringed plaintiff's copyrighted drawings for oriental-type hardware by copying the drawings and manufacturing and selling similar items. The case was tried non-jury, and at the close of plaintiff's case the district court granted defendants' motion under Rule 41(b), Fed.R.Civ.P., to dismiss the complaint. It ruled that plaintiff's hardware was not entitled to copyright protection.
 
 
 2
 Plaintiff appeals. We agree with the district court to the extent that it decided the case. But we perceive another theory of infringement which plaintiff asserted that was not adequately considered by the district court. We vacate the judgment of dismissal and remand the case for further proceedings.
 
 I.
 
 3
 Succinctly stated, the facts are that in 1983 plaintiff, Keeler Brass Company (Keeler), designed an oriental-style drawer pull. Keeler was not successful in obtaining a copyright for the pull, but it was allowed to copyright its drawing.
 
 
 4
 At that time, a furniture manufacturer (Singer) was seeking hardware for its oriental-style bedroom furniture. Lon Bush, plaintiff's salesman, showed Singer sketches of plaintiff's oriental-style pull and later provided a sand-casted sample. Plaintiff's price, however, was not acceptable to Singer, and Singer showed plaintiff's sketch to the designer employed by Everett and asked it to make something similar. Ultimately, Everett designed an oriental-style drawer pull, and Everett and Continental sold it to Singer. As found by the district court, the original and the accused drawer pulls are similar, and both have an utilitarian function, but there are some differences in design, size and ease of utility.
 
 
 5
 The district court understood that plaintiff contended only that it created an original work of art (the pull) that is copyrightable and entitled to protection and that defendants infringed the copyright by copying and selling the pull. With respect to this argument, the district court ruled that the pull was not copyrightable because it was a purely utilitarian object and did not fall into any one of the seven categories of copyrightable materials set forth in 17 U.S.C. Sec. 102. Further, the district court ruled that the ornamental, artistic and utilitarian aspects of plaintiff's drawer pull were inseparable. It therefore granted defendants' motions to dismiss.
 
 II.
 
 6
 We agree with the district court that plaintiff's pull was not copyrightable so that copying the pull as such would not constitute infringement. But that is not the end of the case. As we read the record and as plaintiff argues before us, plaintiff also contended that the evidence showed defendants copied plaintiff's copyrighted drawings and made the accused three-dimensional pull from the pirated material. Defendants appear to concede that if plaintiff can prove such a case, plaintiff will have proved infringement.* We perceive that there is authority to support plaintiff's contention. See 17 U.S.C. Secs. 101 and 106; Imperial Homes Corporation v. Lamont, 458 F.2d 895, 899 (5 Cir.1972); Ideal Toy Corp. v. Kenner Products Division, 443 F.Supp. 291, 301 (S.D.N.Y.1977); Herman Frankel Organization, Inc. v. Wolfe, 184 U.S.P.Q. 819, 821 (E.D.Mich.1974); Herman Frankel Organization, Inc. v. Tegman, 367 F.Supp. 1051, 1053 (E.D.Mich.1973).
 
 
 7
 Although there was evidence before it as to precisely what Bush showed and supplied to Singer and the similarity of the accused pull to that depicted in plaintiff's copyrighted drawings, the district court made no findings as to whether or not the copyrighted drawings were copied. Plaintiff urges us to make the finding and conclude that there was copying. Defendants urge us to find there was no copying. They argue that the evidence shows that plaintiff's Technical Drawings were not exhibited by Singer to Everett because all that was shown was a sketch that did not contain dimensions and copying the sketch would not constitute infringement. We decline both invitations. We think it more appropriate that the facts be found by the district court on the present record with such supplementation, if any, as it deems appropriate. We therefore return the case to the district court for further fact-finding and decision on plaintiff's unaddressed contention.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 In their brief, defendants state "because the three-dimensional Keeler Pull is not copyrightable, Keeler can only prove infringement by proving that the Keeler Technical Drawing was copied, something it did not allege and did not prove."
 From examining the complaint, plaintiff's briefs in the district court and its proposed findings of fact and conclusions of law, we think that plaintiff did raise the issue. As explained in the text, we express no view as to whether plaintiff proved its allegations. That will be an issue for the district court on remand.