**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 6 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, an Illinois insurance company, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> KIA MOTORS AMERICA, INC., a California corporation; KIA MOTORS CORPORATION, a foreign corporation, <br><br> Defendants-Appellees. | No.   18-55164 <br><br> D.C. No. 2:16-cv-06108-SJO-AGR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted August 12, 2019
Pasadena, California

Before:  CALLAHAN, D.M. FISHER,** and R. NELSON, Circuit Judges.

Allstate Insurance Company appeals the District Court's ruling that Kia

Motors America, Inc. and Kia Motors Corporation (collectively, "Kia") did not

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

infringe on Allstate's "Drivewise" trademark with its use of "Drive Wise." We affirm.

## I.

The District Court had jurisdiction over Allstate's trademark infringement action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a). We have appellate jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1291. We review a district court's finding of likelihood of confusion for clear error. *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1123 (9th Cir. 2014). The clearly erroneous standard applies to both the court's findings with regard to the applicable factors and its weighing of the factors.[1] *Id.*

## II.

To prevail on its claim, Allstate needed to show that (1) it has a "protected ownership interest" in the Drivewise trademark and (2) Kia's use of Drive Wise "is likely to cause consumer confusion, thereby infringing upon [Allstate's] rights." *Id.* at 1124. Kia does not contest that Allstate demonstrated the former.

"The 'likelihood of confusion' inquiry generally considers whether a reasonably prudent consumer in the marketplace is likely to be confused as to the

---

[1] Allstate frames its arguments as legal error by the District Court in an effort to reach de novo review by this Court. *See Pom Wonderful*, 775 F.3d at 1123. However, Allstate's arguments boil down to disagreement with the court's factfinding, not its legal conclusions, so we review for clear error.

origin or source of the goods or services bearing . . . the mark[].” *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1209 (9th Cir. 2012). The question is whether confusion is “probable, not simply a possibility.” *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 842 (9th Cir. 2002) (quoting *Rodeo Collection, Ltd. v. West Seventh*, 812 F.2d 1215, 1217 (9th Cir. 1987)).

A.

We are guided by the eight factors announced in *Sleekcraft*. *Pom Wonderful*, 775 F.3d at 1125 (citing *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979)). No one factor is dispositive, and, ultimately, our decision rests on the “totality of facts.” *Id.* (quoting *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002)).

1. Strength of Allstate’s Drivewise mark

“The stronger a mark—meaning the more likely it is to be remembered and associated in the public mind with the mark’s owner—the greater the protection” under trademark laws. *Brookfield Commc’ns, Inc. v. W. Coast Entm’t Corp.*, 174 F.3d 1036, 1058 (9th Cir. 1999). The mark’s strength consists of “two components: the mark’s recognition in the market (*i.e.*, its commercial strength) and the mark’s inherent distinctiveness (*i.e.*, its conceptual strength).” *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 432 (9th Cir. 2017).

In the District Court, Allstate presented no evidence of marketplace

recognition, such as a consumer survey or its advertising investment. Additionally, the parties stipulated that the mark was merely "suggestive," and therefore "presumptively weak." *Brookfield*, 174 F.3d at 1058. The District Court therefore did not clearly err in finding that the mark was "relatively weak" and "entitled to a narrow scope of protection."

### 2. Similarity of the marks

Similarity is assessed by "sight, sound, and meaning." *Sleekcraft*, 599 F.2d at 351. The District Court did not clearly err in concluding that the marks, Allstate's Drivewise and Kia's Drive Wise, are "nearly identical," which weighs in favor of—but does not mandate—a likelihood of confusion. *See, e.g.*, *Cohn*, 281 F.3d at 843.

### 3. Proximity of the marks

Proximity may be found where related goods are "[1] complementary, . . . [2] sold to the same class of purchasers, or . . . [3] similar in use and function." *Sleekcraft*, 599 F.2d at 350 (citations omitted). The parties most vigorously debate the District Court's holding that their products are not proximate.

The District Court focused on similarity of use and function. It found that Allstate's Drivewise is primarily a service while Kia's Drive Wise is a product; Allstate's Drivewise operates through either a device plugged into a car's on-board diagnostic system or a smartphone application, while Kia's Drive Wise is

"primarily a system of sensors" hardwired into the vehicle; none of Allstate's Drivewise features are available in Kia's Drive Wise, and none of Kia's Drive Wise features are available in Allstate's Drivewise; and Allstate's Drivewise is free, "while Kia's system costs several thousand dollars and requires the purchase of a vehicle." The court found that "[t]he stark difference in price . . . greatly reduces the likelihood that consumers will view the two as related . . . or emanating from the same source" and determined that the marks are not closely related.

Allstate argues that this was error because the District Court correctly found that Drivewise and Drive Wise are "related to improving driver safety." However, products in the same general field are not necessarily closely related, *see M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1082 & n.7 (9th Cir. 2005), and the District Court did not clearly err in concluding that differences in hardware and software, features, and price meant that the products were not closely related. Further, contrary to Allstate's argument, the District Court did not legally err in stating that, absent direct competition, "the likelihood of confusion would be remote, or at least Allstate would bear the heavy burden of demonstrating . . . confus[ion] as to the source or affiliation" of the products. *See Brookfield*, 174 F.3d at 1056 (holding that likelihood of confusion would follow if virtually identical marks "were used with identical products or services").

Allstate also argues that the District Court legally erred in its proximity

18-55164

analysis by explicitly considering some facts while omitting others. However, that another court may have analyzed this factor differently does not necessarily engender a "definite and firm conviction that a mistake has been made." *Pac. Telesis Grp. v. Int'l Telesis Commc'ns*, 994 F.2d 1364, 1367 (9th Cir. 1993). We find no clear error in the proximity analysis.

### 4. Kia's intent

Kia's intent in selecting the Drive Wise mark is important because "[a]dopting a designation with knowledge of its trademark status permits a presumption of intent to deceive," and such an intent is "strong evidence of a likelihood of confusion." *Interstellar Starship Servs., Ltd. v. Epix, Inc.*, 184 F.3d 1107, 1111 (9th Cir. 1999)). Allstate argues that the District Court never "acknowledged or applied the presumption." The court, however, did acknowledge the presumption—and then permissibly declined to apply it, finding that Kia selected the mark independently and believed there would be no consumer confusion. Allstate's disagreement with these findings does not show clear error.

### 5. Evidence of actual confusion

"[L]ack of evidence about actual confusion after an ample opportunity for confusion 'can be a powerful indication that the junior trademark does not cause a meaningful likelihood of confusion.'" *Cohn*, 281 F.3d at 843 (quoting *Nabisco, Inc. v. PF Brands, Inc.*, 191 F.3d 208, 228 (2d Cir. 1999)). The District Court did

6

not clearly err when it determined that Allstate had the opportunity to assess confusion—particularly in twenty-seven Kia dealerships with an Allstate agent on site—and weighed this factor against a likelihood of confusion.

### 6. Channels used to market the products

"Convergent marketing channels increase the likelihood of confusion." *Sleekcraft*, 599 F.2d at 353. The District Court determined that overlap in marketing channels occurred only at the twenty-seven Kia dealerships and on the internet, and therefore that this factor only slightly weighs in Allstate's favor. The agents at the twenty-seven dealerships represented only a tiny fraction of Allstate's Drivewise marketing efforts, and internet marketing is too ubiquitous to "shed much light on the likelihood of consumer confusion." *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1151 (9th Cir. 2011). The District Court did not clearly err in affording this factor limited weight in Allstate's favor.

### 7. Type of goods and likely degree of care exercised by the purchaser

"In assessing the likelihood of confusion to the public, the standard used by the courts is the typical buyer exercising ordinary caution." *Sleekcraft*, 599 F.2d at 353. Buyers "can be expected to exercise greater care" when purchasing more expensive items, although there still may be a likelihood of confusion. *Id.* The District Court noted that Kia's Drive Wise is costly—$1000 to $3000—and is purchased only in conjunction with an even-costlier vehicle purchase. Meanwhile,

though Allstate's Drivewise is free, consumers do "not participat[e] blindly," as evidenced by nearly half of all participants discontinuing use. The District Court did not clearly err in weighing this factor against a likelihood of confusion.

### 8. Likelihood of expansion

The final *Sleekcraft* factor asks whether there is "a *strong* possibility of expansion into competing markets." *M2 Software*, 421 F.3d at 1085 (quoting *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1293 (9th Cir. 1992)). It was not clear error for the District Court to weigh this factor against a likelihood of confusion when Allstate was unable "to adduce any concrete evidence of expansion plans." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 634 (9th Cir. 2005).

### B.

The District Court weighed five factors in Kia's favor, two in Allstate's favor, and one neutrally. Allstate argues that the District Court erred because it "tallied" the factors and then concluded, in one sentence, that "[c]onsidering all the factors together, Allstate has failed to meet its burden." Allstate is correct that courts do not merely "count beans." *Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998). However, we do not require the District Court, after careful consideration of each factor, to explain with particularity how it weighed the factors in relation to one another. That would go beyond the scope

of our clear-error review. Here, we are not "left with the definite and firm conviction that a mistake has been made." *Pac. Telesis*, 994 F.2d at 1367. The District Court committed no legal error and did not clearly err in finding no likelihood of confusion after its assessment of the *Sleekcraft* factors.

## C.

Allstate argues that the advisory jury's contrary likelihood finding, combined with asserted differences between the jury instructions and the law applied by the district court, shows that the District Court committed legal error. However, we conclude that the District Court did not err, and the advisory jury's conclusion does not affect our review of the court's decision. *Reachi v. Edmond*, 277 F.2d 850, 854 (9th Cir. 1960).

**AFFIRMED.**