952 F.2d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel SONG, Plaintiff/Appellant,
v.
Leon SMITH, Phil Smith, Lt. Walker, J. Patterson, George
Deeds, John Doe I to X and Jane Doe I to X, each
sued in their individual and official
capacities, Defendants/Appellees.
 No. 91-15444.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1991.*
Decided Jan. 3, 1992.
 
 Before ALDISERT,** GOODWIN and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Samuel Song filed this pro se civil rights action against five Nevada prison officials alleging that they had violated his constitutional rights by transferring him from one state prison to another based on his alleged drug activities and by including this information in his prison file. The district court granted summary judgment for the defendants on the basis of res judicata.
 
 
 3
 Song argues on appeal that the district court erred in denying his request to enter default against four of the defendants and then entering summary judgment in favor of all defendants. We conclude that the court's actions were not improper and affirm the judgment of the district court.
 
 
 4
 The district court had jurisdiction based on 28 U.S.C. § 1331 and 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291. The appeal was timely filed under Rule 4(a), F.R.A.P.
 
 
 5
 We review a district court's denial of a request for entry of default for abuse of discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980). We review de novo a district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). Here we must determine, viewing the evidence in the light most favorable to the nonmoving party, whether any genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 I.
 
 6
 On June 15, 1989, while housed at the Southern Desert Correctional Center (SDCC), Song submitted to a urinalysis drug test, which tested positive for cocaine. On June 23, 1989, Song was served with a Notice of Charges against him for prison violations. On July 13, 1989, Song was found guilty of these charges at a disciplinary hearing and was placed in disciplinary segregation for 60 days. Song subsequently was transferred from SDCC, a medium security facility, to Nevada State Prison, a more secure housing facility.
 
 
 7
 On December 5, 1989, Song filed a pro se complaint in Case No. CV-S-89-852-PMP, Song v. Deeds, in the United States District Court for the District of Nevada, alleging constitutional claims against certain prison officials arising from the drug test, the disciplinary hearing and his resulting transfer to Nevada State Prison. The district court determined that Song's claims were meritless and entered summary judgment for the defendants.
 
 
 8
 Song subsequently filed this pro se civil rights action under 42 U.S.C. § 1983 against some of the same prison officials, Warden George Deeds, Associate Warden Leon Smith, Associate Warden Phil Smith and Correctional Counselor James Patterson, as well as an additional defendant, Correctional Lieutenant Walker. Song alleged that these defendants violated his civil rights when they told him that his transfer to Nevada State Prison was due to overcrowding at SDCC, but then noted on his transfer papers that his transfer was due to drug activities. He further alleged that the defendants placed erroneous and prejudicial information regarding these alleged drug activities in his prison file without affording him a fair opportunity to refute the allegations.
 
 
 9
 After being served with the amended complaint in this case, defendant Deeds filed a motion to dismiss on the basis that Song's claims already had been litigated in Song v. Deeds, CV-S-89-852-PMP, and thus were barred under the doctrine of res judicata. The remaining defendants failed to answer or otherwise plead within the requisite time period, and on November 5, 1990, Song requested an entry of default against these defendants. By minute order dated December 7, 1990, the district court gave defendants L. Smith, P. Smith, Walker and Patterson an additional 15 days to answer the complaint or to join in defendant Deeds' motion to dismiss. They chose to join in the motion to dismiss, and on January 15, 1991, the district court denied Song's request for entry of default.
 
 
 10
 On March 12, 1991, the district court entered a Memorandum Decision and Order denying Song's requested relief. Because the parties presented evidence outside the pleadings, the court construed the motion to dismiss as a motion for summary judgment. D.C.Mem. at 2. The court concluded that the defendants were entitled to summary judgment on the basis of res judicata. The court stated:
 
 
 11
 Here, the determination in Song v. Deeds that Plaintiff was involved in drug activities is res judicata. Therefore, even assuming that it would be a violation of Plaintiff's rights to have inaccurate information in his inmate file, Plaintiff is unable to state a claim because the information about which he complains is accurate.
 
 
 12
 Id. at 4. Song subsequently filed this appeal.
 
 II.
 
 13
 Song's first contention is that the district court abused its discretion by denying his request for entry of default against defendants L. Smith, P. Smith, Walker and Patterson. He contends that the court should not have allowed these defendants additional time to answer or otherwise plead.
 
 
 14
 The defendants respond that, as employees of the Nevada Department of Prisons, they were entitled to representation by the state Attorney General's office, which inadvertently neglected to file a timely response to the complaint. They argue that it was within the district court's discretion to allow the defendants additional time to respond because it was apparent that they had a meritorious defense, that their failure to answer was due to excusable neglect and that Song would not be prejudiced by the delay.
 
 
 15
 We agree that the district court's refusal to enter default against these defendants was not inconsistent with the sound exercise of discretion. The district court recognized that "the entry of default would not be practical at this time, because the failure to plead [or] otherwise defend this action on behalf of these additional Defendants appears to simply be an oversight." C.R. 22. Had the court entered the default, the Attorney General undoubtedly would have responded with a motion to set aside the default for mistake, inadvertence or excusable neglect under Fed.R.Civ.P. 60(b). By allowing the defendants additional time to answer or otherwise plead, the court was able to avoid unnecessary litigation on the issue of default. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986) (denial of default judgment proper when "failure to answer appears to have been excusable neglect"); Brown v. Weschler, 135 F.Supp. 622, 624 (D.D.C.1955) (refusing to enter default when it was apparent it would be set aside on motion by defendants).
 
 III.
 
 16
 Song next contends that the district court erred in granting summary judgment for the defendants. He essentially argues that the court's decision in Song v. Deeds, No. CV-S-89-852-PMP is not res judicata because that case did not consider the issue of his drug activities, and that the defendants violated his constitutional rights by placing erroneous information in his prison file without affording him an opportunity to refute it.
 
 A.
 
 17
 Res judicata, or claim preclusion, " 'treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim ' or 'cause of action.' ' " Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir.1988) (quoting Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc., 575 F.2d 530, 535 (5th Cir.1978) (emphasis added)). Two cases typically involve the same "cause of action" if they present substantially the same evidence and arise from a "transactional nucleus of facts." Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 406 (9th Cir.1985). The related doctrine of issue preclusion, or collateral estoppel, prevents "relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding." Robi, 838 F.2d at 321 (quoting Segal v. American Tel. & Tel. Co., 606 F.2d 842, 845 (9th Cir.1979)).
 
 
 18
 In Song v. Deeds, No. CV-S-89-852-PMP, Song alleged that the defendants in this action, except Lt. Walker, violated his civil rights by subjecting him to disciplinary confinement on the basis of drug activity without a proper hearing and then transferring him to Nevada State Prison for racial and retaliatory reasons. As part of that case, the court found that "the positive EMIT test for cocaine in [Song's] case is sufficient evidence to meet the 'some evidence' standard that is required in disciplinary hearings."
 
 
 19
 The instant case appears to involve the same evidence and to arise out of the same "transactional nucleus of facts" as Song v. Deeds. Here Song contends that he was transferred to Nevada State Prison because of drug activities, even though he was told that the transfer was because of the crowded conditions at SDCC. He also alleges that the references in his prison file regarding his drug involvement are false.
 
 
 20
 We conclude that Song should have raised these issues in Song v. Deeds, and that the doctrine of res judicata bars him from raising them here. To the extent that this action involves a defendant who was not a party to the first lawsuit or creates a separate and distinct cause of action, it is barred by the doctrine of issue preclusion, which prevents Song from relitigating the issue of his drug activities. We agree with the district court that "even assuming that it would be a violation of Plaintiff's rights to have inaccurate information in his inmate file, Plaintiff is unable to state a claim because the information about which he complains is accurate." D.C.Mem. at 4. Thus, the district court did not err in granting summary judgment for the defendants.
 
 B.
 
 21
 Even if Song's claims were not barred, they could not survive a motion for summary judgment. First, an inmate does not have a constitutional right not to be transferred from one institution within a state prison system to another. Meachum v. Fano, 427 U.S. 215, 225 (1976). Second, Song has not demonstrated a state-created right to an opportunity to contest information placed in his prison file. His citation to NDOP Administrative Regulation 501 is not helpful because that regulation simply governs changes in custodial classification within a particular prison. Although AR 501 afforded Song the opportunity to be heard at a disciplinary hearing regarding his alleged drug activities, it did not grant him any additional rights. We hold, therefore, that Song has not established a due process violation.
 
 IV.
 
 22
 We have considered all of Song's contentions. The judgment of the district court is
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3