NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 25 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QADEER AZAM and NAZIE AZAM, | No.    15-56889 |
| Plaintiffs-Appellants, | D.C. No. 8:14-cv-01812-CJC-JCG |
| v. | |
| JERRY BROWN, in his Individual Capacity, in his Individual Capacity as Former Attorney General of the State of California and in his Official Capacity as Governor of the State of California; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted August 30, 2017[**]
Pasadena, California

Before:  W. FLETCHER and IKUTA, Circuit Judges, and BARKER,[***] District Judge.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Sarah Evans Barker, United States District Judge for the Southern District of Indiana, sitting by designation.

This lawsuit challenges a 2012 judgment by a California state court that resulted in the eviction of Appellants from their real property located in Laguna Niguel, California. The district court dismissed all but two of Appellants' numerous claims for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine[1] and the balance for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Appellants appeal from three groups of orders by the district court: (1) the orders of March 12, 2015, May 7, 2015, and June 9, 2015, denying Appellants' application for entry of default and granting Appellees' motions to set aside entry of default; (2) the November 4, 2015, order referring to a different district judge Appellants' motion for disqualification of the district judge and for intercircuit assignment of the case; the November 6, 2015, order denying that motion; and the November 16, 2015, order denying Appellants' *ex parte* application to vacate the November 6, 2015, order; and (3) the July 31, 2015, order granting Appellees' motion to dismiss and denying Appellants' motion for sanctions under Federal Rule of Civil Procedure 11, and the December 8, 2015, order denying Appellants'

---

[1] *Rooker-Feldman* deprives a district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

motion to vacate the July 31, 2015, order, for leave to amend the complaint, and for a stay and injunction pending appeal.

The district court has "especially broad" discretion to grant a motion to set aside an entry of default. *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (internal quotations omitted). And it is within the district court's sound discretion to decline to enter default in the first place when it is apparent that that entry would be set aside on motion. 10A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. and Proc.* § 2682 (4th ed. 2017) (citing *Brown v. Weschler*, 135 F. Supp. 622 (D.D.C. 1955)). Here, the record supports the district court's conclusions embodied in the orders of March 12, 2015, May 7, 2015, and June 9, 2015, that Appellants would not be prejudiced by setting aside or not entering the defaults, that Appellees' jurisdictional defense was meritorious, and that Appellees' conduct was in good faith and not culpable. *See O'Connor*, 27 F.3d at 364 (factors relevant). There was no abuse of discretion with regard to any of these rulings by the district court.

It was not error for a different district judge to adjudicate the disqualification motion because 28 U.S.C. § 455 does not preclude independent review by another district judge. The district court did not abuse its discretion in concluding that Appellants' nearly one-year delay in filing their disqualification motion directed towards the trial judge rendered the motion untimely and that the motion was in

any event substantively meritless. *Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 871 (9th Cir. 1991). The district court did not abuse its discretion in concluding that Appellants' mere reiteration of their meritless arguments did not entitle them to the extraordinary relief of *ex parte* reconsideration and vacation of the disqualification order. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (standard of review; factors); *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (standard for *ex parte* relief).

We review *de novo* the grant of a motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim. *N. Cnty. Cmty. All. v. Salazar*, 573 F.3d 738, 741 (9th Cir. 2009). On the merits of the dismissal, Appellants simply assert without argument that the July 31, 2015, dismissal order was erroneous. Accordingly, we deem review of the merits to be waived. *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned" and are waived).

Appellants assert that the dismissal order improperly rested on matters outside of and not attached to or incorporated in the complaint. The subject documents are clearly identified in the July 31, 2015, order, and were all properly considered by the district court because they are records of court proceedings, other public records, *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012), or documents on which Appellants' complaint necessarily relied, *Lee v. City*

*of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), regarding some of which Appellants themselves requested judicial notice. *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1270 (9th Cir. 2002) (invited error not reversible error), *amended in nonrelevant part*, 289 F.3d 615 (2002). There was no abuse of discretion. *Lee*, 250 F.3d at 689 (standard of review). Further, the district court did not abuse its discretion in concluding that Appellants' motion for sanctions was procedurally defaulted and substantively meritless. *Holgate v. Baldwin*, 425 F.3d 671, 675 (9th Cir. 2005) (standard of review).

For the same reasons, we also affirm the December 8, 2015, order denying Appellants' motion to vacate the July 31, 2015, dismissal order, for leave to amend the complaint, and for other relief. No new grounds for relief arose between July 31, 2015, and December 8, 2015, and Appellants pointed to no manifest error, as would have entitled Appellants to reconsideration of the dismissal order; thus, the district court did not abuse its discretion in declining to reconsider it. *389 Orange*, 179 F.3d at 665 (standard of review; factors).

Because no additional facts would permit most of Appellants' suit to evade the jurisdictional bar of *Rooker-Feldman*, the district court did not abuse its discretion in denying Appellants' leave to amend the complaint as to most of the claims asserted there. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951–52 (9th Cir. 2006) (standard of review; futility). As to the two general

5                                                                                          15-56889

constitutional challenges, jurisdiction over which was not barred by *Rooker-Feldman*, the district court did not abuse its discretion in concluding that those challenges were pleaded in such vague, confused, conclusory, and implausible fashion that amendment would have been futile. *Id.* Finally, the district court did not abuse its discretion in concluding that Appellants were not entitled to an injunction or stay pending appeal because they had not shown they were likely succeed on the merits nor that there were serious questions going to the merits with the balance of hardships tipping sharply in their favor. *Feldman v. Az. Sec'y of State*, 843 F.3d 366, 374–75 (9th Cir. 2016) (standard of review; factors).

**AFFIRMED.**